# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES EZELL, III,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 19-302-JHP-SPS |
| | ) | |
| **DAMON HININGER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. On September 9, 2019, he filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at his present facility and at James Crabtree Correctional Center in Helena, Oklahoma (Dkt. 1).

On November 7, 2019, Plaintiff filed a motion to amend the complaint (Dkt. 27). The Court denied the motion on the same date, because it did not comply with Local Civil Rule 9.2(c) (Dkt. 28). Plaintiff was advised that the motion did not clearly set forth the reasons for requesting permission to file an amended complaint, and he had failed to submit a proposed amended complaint with the motion. *Id.*

On November 7, 2019, Plaintiff submitted an improper proposed amended complaint. Because the proposed amended complaint apparently was intended as a supplement to the original complaint, the Court will not consider it. To amend the

original complaint, Plaintiff must submit a proper motion to file an amended complaint setting forth the reasons for amending the original complaint, along with a proposed amended complaint that complies with the following instructions.

**Amended Complaint**

Within fourteen (14) days of the entry of this Order, Plaintiff must file a proposed amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).

Plaintiff must provide a short and plain statement of when and how each named defendant violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). He also shall identify a specific constitutional basis for each claim. *See id.* He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. **The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983."** *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based

upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court.  *See* Local Civil Rule 9.2(c).  It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits.  *Id*.  An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  *See also* Local Civil Rule 9.2(c).  Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to return Plaintiff's improper proposed amended complaint and to send Plaintiff the proper form for filing an amended complaint.  If Plaintiff fails to file an amended complaint in accordance with this Order, this action shall be dismissed without further notice.

**Motion for Appointment of Counsel**

Plaintiff also has filed a motion for appointment of counsel, alleging he "can barely write or spell," he does not know the law, and there is no legal assistance at his facility (Dkt.  31).  Even if he is illiterate, courts have consistently held that a prisoner's illiteracy is insufficient to merit appointment of counsel.  *See Finley v. Kerby*, 996 F.2d 310, No. 92-2150, 1993 WL 230116, at *2 (10th Cir. 1993) (unpublished) (affirming denial of appointment of counsel due to illiteracy); *Green v. United States*, Civil Action

No. 11-59-HRW, 2013 WL 209019, at *2 (E.D. Ky. Jan. 17, 2013), *aff'd* No. 13-5173 (6th Cir. Oct. 25, 2013) (denying request for appointed counsel due to illiteracy).

In addition, Plaintiff bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Therefore, Plaintiff's motion for appointment of counsel (Dkt. 31) is DENIED.

**ACCORDINGLY,**

1. Plaintiff is directed to file within fourteen (14) days a motion to amend the complaint, setting forth the reasons for requesting permission to file an amended complaint, along with the proposed amended complaint on the Court's form, as directed in this Order.

2. The Court Clerk is directed to return unfiled Plaintiff's improper proposed amended complaint.

3. The Court Clerk is directed to send Plaintiff a copy of the form for filing an

amended civil rights complaint in this Court.

4. Plaintiff's motion for appointment of counsel (Dkt. 31) is DENIED.

5. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 14th day of November 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma