# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

JAMES EZELL III
*Plaintiff's full name (Please print)*

v.

DAMON HININGER CEO of CORE CIVIC, WARDEN JAMES YATES of D.C.F DEPUTY WARDEN GENTRY, D.W. PEREZ GRIEVANCE COORDINATOR TERRY UNDERWOOD LAW LIBRARY SUPERVISORS JESSICA PATTERSON Echo Maximum Unit U/M Tiffany Ade U/M Shay Pfaff, U/clerk Carla Hoover "see Attachment names", Amended names"
*Defendant(s)' full name (Please print)*

*For additional names please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. **The names listed in the above caption must be identical to those contained in Section IV, pursuant to Fed. R. Civ. P. 10(a).***

Case No. 19cv302 JHP-SB
*(To be filled out by Clerk's Office only)*

Amended

**FILED**

DEC 1 8 2019

PATRICK KEANEY
Clerk, U.S. District Court

By_____
Deputy Clerk

---

### NOTICE

*Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3 address the privacy and security concerns resulting from public access to electronic court files. Under these rules, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.*

***Each claim you raise must be properly exhausted.*** *If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. See 42 U.S.C. 1997e(a).*

***Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.***

## I. JURISDICTION

*Indicate below the federal legal basis for your claim, if known.*

- [x] 42 U.S.C. § 1983 (state, county, or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

__James Ezell III__  
Full name

__James R. Ezell__  
Aliases

__D.O.C 23737__  
Prisoner ID #

__Davis Correctional Facility__  
Place of Detention/Incarnation

__6888 East 133rd Rd__  
Institutional Address

__Holdenville__  __Okla__  __74848__  
City   State   Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner

## IV. DEFENDANT(S)' INFORMATION

*List the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained on the first pate. Attach additional sheets of paper as necessary. Do not write on the backs of any additional sheets. See Local Civil Rule 5.2(a).*

Defendant 1: __DAMON HININGER__
Full Name

__CEO OF CORE CIVIC__
Current Job Title

__10 Burton Hills Blvd. Nashville TN 37215__
__5561 Virginia Way Suite 110 Brentwood. TN. 37027__
Current Work Address

City     State     Zip Code

Defendant 2: __JAMES YATES__
Full Name

__WARDEN__
Current Job Title

__6888 E 133rd Rd__
Current Work Address

__Holdenville__     __OK__     __74848__
City     State     Zip Code

Defendant 10: Scott Crow
Interim Director
3400 Martin Luther King Ave. Okla. City OK. 73136

Defendant 11: Mark Knutson
Designee
3400 Martin Luther King Ave. Okla City OK. 73136

Defendant 12: David Cincotta
General Counsel O.D.O.C
3400 Martin Luther King Ave. Okla City OK 73136

Defendant 13: JASON BRYANT
WARDEN
JOSEPH HARP CORR. CENTER P.O. BOX 549 LEXINGTON OK 73051

Defendant 14: R. HODGSON
CAPTAIN
J.C.C.C 216 N. Murray St. Helena OK. 73741

Defendant 15: Austin Parks
L.T.
J.C.C.C 216 N. Murray St. Helena OK. 73741

Defendant 16: Walker
Correction Officer
J.C.C.C 216 N. Murray St. Helena OK. 73741

Defendant 17: JAMES NAIl CAPTAIN
J.C.C.C 216 N. Murray St. Helena OK. 73741

Plaintiff has attached exhibits 1) J.C.C.C grievance # 18-60; exhibit 2) D.C.F grievance #00104, exhibit 3) D.C.F grievance #00170, exhibit 4) D.C.F grievance #00236 exhibit 5) D.C.F grievance #00144 exhibit 6) D.C.F grievance #00299

Defendant 3: **MR. GENTRY** Deputy Warden ✓
Full Name

DEPUTY WARDEN
Current Job Title

6888 E 133rd Rd
Current Work Address

Holdenville     OK.     74848
City     State     Zip Code

Defendant 4: **MR. PEREZ** Deputy Warden ✓
Full Name

DEPUTY WARDEN
Current Job Title

6888 E 133rd Rd
Current Work Address

Holdenville     OK     74848
City     State     Zip Code

Defendant 5: **Ms. TERRY UNDERWOOD** ✓
Full Name

GRIEVANCE COORDINATOR
Current Job Title

6888 E 133rd Rd
Current Work Address

Holdenville     OK     74848
City     State     Zip Code

Ms. Pirece %, % Mr. Vance % Mr. Bullock, Mr. Adkins, % Mr. Andrew Smith, Sgt % Mr. Keys OKlAHOMA DEPARTMENT OF CORRECTION DIRECTOR, SCOTT CROW, DESIGNEE MARK KNUTSON, GENERAL COUNSEL DAVID CINCOTTA; JAMES CRABTREE CORRECTIONAL CENTER WARDEN JASON BRYANT CAPTAIN R. HODGSON, LT. AUSTIN PARKS % WAlKER and Disciplinary Officer Captain JAMES NAIl, JOHN DOES, JANE DOES et.al.,

IV. ADDITIONAL DEFENDANT(S) INFORMATION

Defendant 6: JESSICA PATTERSON ✓
LAW LIBARRY SUPERVIORS "MEDIMUM YARD"
D.C.F 6888 E. 133rd Rd
Holdenville OK 74848

Defendant 7: Tiffany Ade ✓
Echo Unit Manager
D.C.F 6888 E. 133rd Rd
Holdenville OK. 74848

Defendant 8: SHay Pfaff ✓
Echo Unit Case Manager
D.C.F 6888 E. 133rd Rd
Holdenville OK. 74848

Defendant 9: Carla Hoover ✓
Echo Unit Clerk/Notary Law Library
D.C.F 6888 E. 133rd Rd
Holdenville OK. 74848

CONT. page coversheet.
CONT. page 4.

continue amended names D.C.F

New Defendant 18: Ms. Pirece
Correctional Officers
D.C.F 6888 E. 133rd Rd Holdenville OK. 74848

New Defendant 19: Mr. Vance
Correctional Officers
D.C.F 6888 E. 133rd Rd Holdenville OK. 74848

New Defendant 20: Mr. Bullock
Correctional Officers
D.C.F 6888 E. 133rd Rd Holdenville OK. 74848

New Defendant 21: Mr. Keys
Correctional Officers
D.C.F 6888 E. 133rd Rd Holdenville OK 74848

New Defendant 22: Mr. Adkins
Correctional Officers
D.C.F 6888 E. 133rd Rd Holdenville OK. 74848

Plaintiff has attached exhibits 12a) D.C.F grievance #00342 exhibit 13a) D.C.F grievance #00343 exhibit 14a) D.C.F grievance #00344 exhibit 15a) D.C.F Offense Report exhibit 16a) D.C.F grievance #00401 exhibit 17a) D.C.F grievance #00342 exhibit 18) D.C.F grievance #00365, exhibit 19) affidavit exhibit. 20) affidavit, exhibit 21) affidavit

## V. STATEMENT OF CLAIMS

### A. Claim 1

Date(s) of occurrence: May. 3, 2018

Place(s) of occurrence: JAMES CRABTREE CORRECTIONAL CENTER (J.C.C.C)

*State which of your federal constitutional or federal statutory rights have been violated:*

First, Eighth, and Fourteenth Amendment Right

*Briefly state the FACTS that support your case. Provide a short and plain statement of how each named defendant was personally involved in the violation of your constitutional rights and why you are entitled to relief from each named defendant. See Fed. R. Civ. P. 8(a). Do not cite case law.*

FACTS: On May. 3, 2018 (Captain Hodgson) directed (L.T. Parks) to grab my arm through the "foodslot" pulled twisted and bent my right arm/wrist then cuffed it to the outside of the door/doorhandle while the rest of my body was inside the cell house in with another offender" I was sprayed stripped naked, I was wrote a misconduct name was forged by James Nall transfered to D.C.F Supermax the same day placed on F.B. maximum SHU". (Warden Jason Bryant w/ James Nall.)

### B. Claim 2

Date(s) of occurrence: Febuary. 14, 2019, May. 6, 2018 and March 9, 2019

Place(s) of occurrence: DAVIS CORRECTIONAL FACILITY ECHO MAXIMUM UNIT

*State which of your federal constitutional or federal statutory rights have been violated:*

First, Sixth and Fourteenth Amendment Rights

FACTS: Relevant issue in [D.C. 6:12-CV-00133-FHS-SPS] forms OP-030115 and [OP-030115, OP-090134] Ms. Carla Hoover was the same defendant responsible for the Echo Maximum Unit [Access to Courts]; On May. 6, 2018 forms used provided on Echo Febuary 14, 2019, March. 9, 2019 provided by [Ms. Carla Hoover] Inmate Request, Request to Staff outdaded OP-030115 Access To Court requirerit. The Actual Law Library Superiors [Patterson] refused to contact the General Counsel to obtain Case law cf-2018-34 that relates to CV-2018-2277 forged documents by (J.C.C.C).

Rev. 07/2019          5

V. Cont. A. Claim 1 FACTS:

While cuffed to doorhandle (Captain Hodgson) reached out and pulled at plaintiff shirt and said "get naked" I refused to come out SHU cell #16 without video camera present finally (Captain Nall) came and placed me in a (extra) hot shower that activate pepper spray (Captain Nall) is the Disciplinary Officer that forged plaintiff name on the O.D.O.C Deposition Report and forged plaintiff name on Offense Report as the investigator (CV-2018-2277 Oklahoma County) (Jesse Baker) filed charges in (CF-2018-34 [Alfalfa County] plaintiff was transfered from medimum security to supermax security based on forged documents by James Nall, 5-3-18. Plaintiff is entitle to relief because due process was violated unnecessary force was use video camera would have prevent action taken.

cont. B. Claim 2 FACTS:

[Attention] plaintiff was being allowed to speak with an offender assigned on Echo Unit as Law Clerk from May. 2018 untrained in Law his assistance to find case law per OP-030115 was inadequate when (R.T.S) or I.R. was submitted to Law Library Supervior up on Medimum Yard plaintiff was denied access to court by Law Library Clerk posted on (Echo Unit U/C/M Pfaff) on Echo Charlie allowed this offender to denied access (U/M Ade) allowed this offender to denied access (No Law Library Supervior) was ever posted on Echo Ms. Carla Hoover would providing wrong forms outdate assigned to acted as the (Law Library Supervior) and assigned (Notary) untrained; plaintiff would recieve retaliation from another prisoner assigned Law Clerk alleging what would happen to Snitches filling grevance plaintiff was threaten with Misconduct by (U/M Ade, U/M Pfaff) and Medimum Yard (Law Library Supervisor Ms Patterson) for lying to staff about denied access to courts from (Echo Unsupervior Law Clerk) but (never recieved Misconduct) after proof found on video footage retaliation continued; therefore, those were threats to prevent plaintiff from filing grievances had plaintiff lie or misconduct would been written).

Page 5

### C. Claim 3

Date(s) of occurrence: April. 3, 2019 on [June 13, 2019] plaintiff signed

Place(s) of occurrence: DAVIS CORRECTIONAL FACILITY ECHO MAX UNIT EC

*State which of your federal constitutional or federal statutory rights have been violated:*

First and Fourteenth Amendment Rights

FACTS: See Exhibit 3a)1- 3a)5 Grievance # 2019-1001-00170 was Granted by [Warden Yates] after further investigation by [Jessica Patterson] Law Library Supervisors on Medium Yard plaintiff did not receive misconduct for "lying to staff", the Law Library Clerk was removed in (Later July 2019) no Law Library Supervisor has been trained and posted on Echo Maximum Unit with trained Law clerks to meet and provide what is required Grievance # 2019-1001-00236 logged retaliation by Law clerk

### D. Claim 4

Date(s) of occurrence: [June 24 2019] April. 9, 2019; [August 6, 2019] Aug. 13, 19 and [Aug. 15, 19]  See Ex. 4a)3

Place(s) of occurrence: DAVIS CORRECTIONAL FACILITY ECHO MAX UNIT EC

*State which of your federal constitutional or federal statutory rights have been violated:*

First, Fourteenth, Sixth Amendment Rights

FACTS: On 6-24-19 plaintiff submitted grievance with attached request to staff to [Ms. Underwood] the R.T.S was destroy # 00267 on [Ms. Patterson] denied access to court per order OP-030115 exhibit 10) On 8-5-2019 related grievance submitted to Ms. Underwood exhibit 7) returned August 13, 2019 by Ms. Underwood 00297 with 00299 Aug. 13, 2019 with the intent to destroy grievance appeal by not providing plaintiff the grievance restriction on Aug. 13, 19 as it is dated August. 7, 2019 as 00297, 00299 has no (mailbox rule) grievance restriction provided August. 15, 2019 it would take plaintiff 4 day from Aug. 15, 19 to obtain Notary 6 days would have past out of time before it reach (O.D.O.C ARA) Plaintiff had grievance restriction affidavit already logged. On August. 20, 2019 and August. 27, 2019 [Ms. Hoover] refused to Notary Grievance Restriction Affidavit per OP-090124 section IX., under direction of [Ms. Terry Underwood] GC. Sept. 9, 2019 Original Complaint Filed

V. Cont. C. Claim 3

After plaintiff proved the Denied access to L.T. Bowman after he reviewed video footage and directed the Law Clerk to provide extra time to Adkins and Echo Law Clerk took the computer and refused to feed plaintiff in cage under direction of C/M Pfaff plaintiff exhibits 1-4 were submitted on wrong forms provided by Echo Unit/ Echo Unit Ms. Hoover these form are to be made ready available through Law Library per OP-030115 Access to Court is to provide Legal Services, Functions of the Access to Courts

Echo Unit C/M Pfaff, C/M Ade Ms. Hoover as well as Medimum Yard Law Library Supervisor and Warden Yates for all offender, plaintiff" OP-030115 is attached to OP-090124 inadequate Law Library Services mades Offender Grievance Process inadequate.

Cont. D. Claim 4

On October. 14, 2019 doorside Echo Charlie 102 [Ms. Carla Hoover] came to EC-102 after request provided for Notary which she denied Notary again for grievance restriction affidavit stating you have filed a lawsuit on me before and also refuse to Notary affidavit addressed to eastern district on direction of [Diana Jones] continued to deny OP-030115 and OP-090124

On November 1, 2019 plaintiff called (C/o Ryan) to EA-219 requested him to call [Law Library Ms. Patterson] concerning my deadline under PC-218-819 Order that was previously provided Ms. Patterson denied Law Library access she stated PC-2018-819 Order from O.C.O.A Jan. 8, 2019 plaintiff submitted a R.T.S per OP-090124 on [November 13, 2019 defendant Jessica Patterson] wrote plaintiff a misconduct [based on his litigation 6:19-CV-302-JHP-SPS] complaint, denying Law Library access to Courts.

Cont. page 6.

E. Claim 5

Date(s) of occurrence: On June 26, 19, Sept. 12, 19, and October. 14, 2019
November. 13, 2019

Place(s) of occurrence: On Echo Maximum Unit Echo Charlie, Echo Alf

State which of your federal constitutional or federal statutory right have been violated:

First, Sixth, Eighth and Fourteenth Amendment Rights

FACT: Echo Maximum Unit is without a Law Library that meets the requirement established in Bound v. Smith per OP-030115 Access to Court Medimum Yard Law Library Supervisor Ms. Patterson failed to provide correct forms on Echo Unit Grievance Coordinator Ms. Underwood failed to provide correct forms on Echo Unit Unit Clerk Ms. Hoover has been assigned to provide forms on EC, EB, and EA units on Echo as well as notary per OP-030115 none of the above are trained in Law nor is there a trianed Clerk assigned to Echo Maximum Unit; June 24, 19 plaintiff provided grievances to mailroom supervisor Ms. West with attached R.T.S on June. 26, 2019 R.T.S was destroy by Ms. Underwood Ex. 11a)1 on August 20, 2019 Echo Unit assigned Notary Ms Hoover denied Notary under direction of Ms. Underwood, Deputy Warden Perez, and Deputy Warden Gentry as well as C.O.U.M Ms. Dorman directed Mailroom Supervisor Ms. West not to Notary for [Echo Maximum Unit], the Law Library Supervisor Ms. Patterson is not a Notary per OP-030115; On Sept. 12, 2019 Ms. Underwood returned 3 grievances submitted on August. 29, 2019 through Mailroom Supervisor Ms. West verified Ex.12a)1 Ex. 13a)1 and Ex. 14a)1 then retaliated on by issued misconduct on 8-29-19

page 6

cont. page 7.
The above denial, destory grievance R.T.S attached DD267, DD268 and deliberately refused to logged 3 grievances submitted timely on August. 29, 2019 plaintiff right to exhaust grievances inorder to petition the government under First Amendment Right and Fourteenth Amendment Right to equal protected rights and due process; First defendants Echo Unit team 4/m Pfaff 4/m Ade 4/c Ms. Hoover deprived plaintiff from OP-D30115 access to court available forms Notary, Medimum Yard Law Library Supervior Ms Patterson Denial of Access to Courts because she is untriained, denial of trained Law Clerk per Policy and Bounds v. Smith; Review Authority Grievance Coordinator Ms.Underwood directed Ms. Carla Hoover not to Notary Grievance Restriction Affidavit to prevent legal victory, equal opportuntiy as Medimum Yard inmates that is allowed Notary, access to court in Law Library; [Warden James Yates] letter of Grievance Restriction August. 7, 2019 Ex. 7b)1 Ex. 7b)i.d.3, Ex. 7b)4 affidavit and Ex. 7b)5 affidavit Ex. 7b) cont.5; [Deputy Warden Gentry] has intentionally directed Law Library Supervisor to Deny access to plaintiff even with active Deadline; On November 1, 2019 [Ms Patterson] denied access to court stating plaintiff did not have deadline, on Nov. 4, 2019 plaintiff submitted R.T.S to resolve issue per OP-090124 to Law Library Supervior Ms.Patterson, November.7, 2019 plaintiff filed Motion For appointment of Counsel in Eastern District Court in CV-19-302; on Nov. 13 2019 Ms. Patterson wrote a disciplinary offense report based on plaintiff litigation in CV-19-302 complaint filed clearly a retaliation for plaintiff First Amendments Right and denying plaintiff access to court under O.D.O.C OP-030115 denying plaintiff his right to Sixth Amendment right to Counsel or represent himself through prison Library which Echo Maximum Unit denys per Bounds v. Smith Since May. 18, 2018 and on obt August 2019 Echo inadequate Law clerk was removed due to Exhibit 2a)1 - 3a)1 see Ex.3a)5 DD170-6

cont. 6

Warden James Yates is directly responsible for assuring plaintiff a prison in custody of Oklahoma Department of Correction access to courts per OP-030115 Order from Oklahoma Court of Criminal Appeals PC-2018-819 on Jan. 8, 2019 pursuant title 28 U.S.C. § 2244 is One year limitations period in which Law Library Supervisor Ms. Patterson rejected 1) because she is untrained to be in D.C.F Law Library 2) because the assigned Law Library Clerk are untrained to assign another per OP-030115 3) Ms. Patterson directly retaliated based on Complaint filed plaintiff believe it was after Service of Summons.

On September 9, 2019 no trained Law Library Clerk was assigned to Echo Maximum Unit by Warden Yates, Deputy Warden Gentry neither had the General Counsel David Cincotta approved one this denys offenders access to courts and offender grievance process OP-030115, OP-090124 whereas a trained Law Library Clerk is suppose to be available for offenders Mon-Friday as well as a trained Law Library Supervisor. Since plaintiff has filed grievances Ex)2-3) resulted in his overall condition becoming worse instead of better. Use of administrative remedies resulted in destroy R.T.S by Grievance Coordinator Underwood disreguard proof provided by administrative reviewing Authority Knutson, plaintiff threaten with grievance restriction for logging grievance Underwood returned grievances on logged inorder to cover up corruption within R.A., ARA; Therefore plaintiff is entitle to any relief requested from defendant denying plaintiff First, Sixth and Fourteenth Amendment Rights at DCF and J.C.C.C denial of First Sixth Eighth and Fourteenth Amendment Rights

Plaintiff liberty is protected under due process and equal protection of Fourteenth from arbitrary action of government liberty ~~action~~ is a statutory creation of the state.

Warden arbitrary decision to exclude a student legal assistant is unconstitutional.

cont 6,

## VI. RELIEF REQUESTED

*Briefly state what you want the Court to do for you. Do not make legal arguments or cite cases or statutes.*

Plaintiff must first request the court to grant a preliminary injunction to prevent defendant from continued denied (access to court) discrimination and retaliatory behavior; In addition preliminary injunction to protect other offenders willing to provide affidavits in support of facts and D.C.F staff members in the middle of the directions of retaliatory action of deliberate direct wreckless behavior disregard of the risk to James with abuse of authority to prevent legal victory in petitioning the government

## VII. PRISONER'S LITIGATION HISTORY

*The "Three Strikes Rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if the prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

Have you brought any other lawsuits in federal court while a prisoner? ☑ Yes ☐ No

If yes, how many? __3__

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)
- Did the court assess a "Strike" or find the dismissal a "Prior Occasion" pursuant to 28 U.S.C.1915 (g).

U.S. DIST. CT. OF WESTERN DIST OF OKLA. CIV-03-413-EA(C) EZELL V. COOKE 42 U.S.C §1983 DISMISSED DID NOT APPEAL. 2) U.S DIST. CT. OF NORTHERN DIST. OF OKLA 11-CV-400-TCK-TLM EZELL V. JEFF GATWOOD, SHAWN HICKEY 42 U.S.C §1983 DISMISSED DID NOT APPEAL. 3) U.S. DIST. CT. OF EASTERN DIST. OF OKLA 6:12-CV-00133-FHS-SPS

EZELL V. WILKINSON 42 U.S.C § 1983 Appeal No. 13-7074 [MOTION ATTACHED]

Present EZELL V. DAMON CIV-19-302-JHP

## VIII. PLAINTIFF'S DECLARATIONS:

I declare under penalty of perjury that the foregoing is true and correct. To the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I agree to provide the Court Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Court Clerk's Office may result in the dismissal of my case.

_____          11-29-19
Plaintiff's Signature                              Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the 29th day of Nov., 20 19.

_____          11-29-19
Plaintiff's Signature                              Date

NOTE: 6:12-CV-00133-FHS-SPS was filed based on denied [access to courts] after 2016 Echo Maximum Unit went back to same "practice" alleged in CV-00133 now in this complaint D.C.F Echo Maximum Unit Law Library is inadequate Warden Yates and Deputy Warden Gentry in courage Deny access to court to prevent legal victory and retaliation).

Rev. 07/2019                                                                                                      8