## Grievance Decision from Reviewing Authority

Inmate/Offender Name: James Ezell DOC Number: 237370
Receipt Date: 06-05-18 Grievance Category Code: 3 Grievance Number: JCCC-18-60

1. Discrimination 3. Complaint against staff 5.Disciplinary process 7.Medical 9. Records/Sentence Admin.
8.Property/Trust Fund 10. Religion
2. Classification 4. Condition of confinement 6.Legal 11. Personal Identity

**Decision: Mr. Ezell #237370**

There is no evidence or documentation that states a use of force took place.

Relief Denied

Reviewing Authority – Facility Health Services Admin (medical issues) Date

Review Authority – Facility/District/Unit Head Date 6-5-18

I have received a copy of the decision of the reviewing authority.

Signature of Grievant Date

Signature of Staff Witness and Printed Name of Witness Date

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.O. Box 11400, Oklahoma City, OK 73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OK 73106, within 15 days of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appeal To Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Medical ARA.

1. Original to file
2. Copy to inmate/offender

DOC 090124B (R 7/16)

NOTE: Plaintiff Affidavit attach after Exhibit 1F 1 of 3 EXHIBIT (A)

EXHIBIT 1a

#1

# INMATE/OFFENDER GRIEVANCE

RECEIVED JUN 04 2018 GRIEVANCE

JUN 2018 RECEIVED Cushing Correctional Center Warden's Office

RECEIVED JUN 4 - 2018 LAW LIBRARY

Grievance no. JCCC18-160

Grievance code: 3

Response due: 6-25-18

DO NOT WRITE ABOVE THIS LINE

Date 5-26-18 Facility or District ODOC/J.C.C.C.

Name James Ezell (Print) Facility Housing Unit RHU/J.C.C.C. - DCF EC-101

ODOC Number 237310. Date "Request to Staff" response received: 5-24-18

Have you previously submitted a grievance on this same issue? Yes If yes, what date 5-26-18, facility now/ J.C.C.C., grievance # ______. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary.

On May. 3, 2018 you L.T. Parks Sgt. Strenwind c/o Waller and Capt Hodgle at J.C.C.C. came to cell #16 and said give hands I said not without the carmea because DOC officers are known for killing offenders harming offenders and it policy to record cell enter cases, EXCESSIVE FORCE once you L.T. Park known FORCE would be used the carmea was necessary in the event I was transfered to D.C.F Max, for the Facility EXCUSE.

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.

offender request submitted 5-5-18 on 5-6-18 followed by "RTS" which L.T. Park disregard the question EXCESSIVE FORCE was used no actions used was neccessary without any activity threats of action by offender Ezell 237310 these officers could have obtained camrea.

3. The action you believe the reviewing authority may lawfully take.

C.O. L.T. Park attempts to use its not common practice at J.C.C.C. (O.D.O.C) whereas, the EXCESSIVE FORCE POLICY requires it. The unit camera support our conversation was over it also supports the EXCESSIVE FORCE used by all officers without this video camera no move to higher security can be upheld I have a right to defend myself against dirty Correction officers.

Grievance report sent to (warden/district supervisor/correctional health services administrator):

Jason Bryant — Name | Warden — Title

James Ezell III — Signature of Grievant | 5-26-18 — Date Sent to Reviewing Authority

DOC 090124A (R 7/16)

1. Original to file
2. Copy to inmate/offender

JUN 4 -

Ex 1b

3

Please I that I need copy Of Free Copy #2018 17 70

Must Be Submitted Through the Law Library or Designee
Inmate/Offender Grievance Process
REQUEST TO STAFF

RECEIVED
MAY 14 2018

TO: L.T. Parks FACILITY/DIST/UNIT: J.C.C.C DATE: 5-1-18
(NAME AND TITLE OF STAFF MEMBER)

JCCC LAW LIBRARY

I have ✓ have not ___ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: in mail / 5-5-18 facility: D.C.C grievance #: ___
I affirm that I do ___ do not ✓ have a grievance pending on this issue.
I affirm that I do ___ do not ✓ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: ___
This request ___ does ✓ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

MAY 9 - 2018
LAW LIBRARY

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

On May 3 2018 You / Sgt Stanwind and Capt Hodges / unit c/o Walker RHU" came to #16 and said give me you hands" at that point I said I'm not going anywhere with you without that video camera Capt Hodge Order grab" his arm, now I'm struggling with You L.T. Parks and c/o Walker twisting risk+arm.

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly should be done and how.

MY only question is why the video" helded recorded wasn't produced why "Kill me because Capt. Hodges said so "or" is it Warden Hodges why DOC POLICY WASN'T Followed under EXCESSIVE FORCE POLICY I WASN'T THROWING ANYTHING OUT THE BEANHOLE THAT CAUSED FOR THAT FORCE'

NAME: James Ezell III (PRINT) DOC NUMBER: 232370 UNIT & CELL NUMBER: F-B-104

SIGNATURE: James Ezell III WORK ASSIGNMENT: ___

DO NOT WRITE BELOW THIS LINE

DISPOSITION:

It is not common practice at JCCC to bring a camera to a conversation with a upset Inmate.

RECEIVED

A. Parks COMI 5-16-18

MAY 21 2018

STAFF MEMBER DATE

RECEIVED

JCCC LAW LIBRARY

Date response sent to inmate:
1. Original to file
2. Copy to inmate/offender

GRIEVANCE
RECEIVED
MAY 15 2018

VC

DOC 090124D (R 9/16)

JUN 4

Grievance sent Capt Hodges

EX. 1 I id.

1

EC 101

JOE M. ALLBAUGH
DIRECTOR

MARY FALLIN
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

JCCC 18-60

Date: JULY 20, 2018

To: EZELL, JAMES #237370

Location: DCF

From: Mark Knutson, Director's Designee *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

| | | |
|---|---|---|
| | 1. | No facility head response to the grievance. |
| | 2. | No informal action or "Request to Staff" response included. |
| | 3. | Out of time from date of alleged incident until filing request to staff. |
| | 4. | Out of time from date of response to request to staff until filing the grievance with facility head. |
| | 5. | Received out of time from date of facility head response |
| | 6. | You cannot appeal a non-response. See OP-090124 section IV.C.11. or V.C.4. |
| | 7. | Inmate on grievance restriction and/or proper documentation not included. |
| | 8. | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins. |
| | 9. | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
| | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections, etc.) |
| | 11. | More than 1 issue - only 1 issue allowed per grievance/Request to Staff |
| | 12. | Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the facility an opportunity to respond. |
| | 13. | Requests for disciplinary action against staff will not be addressed in the grievance process. |
| | 14. | Appeal form not signed/dated. |
| | 15. | Grievances shall not be submitted requesting monetary compensation. |
| | 16. | The ruling of the Administrative Review Authority or Director's Designee is final. |
| | 17. | Facility grievance number not listed on the appeal form. |
| | 18. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the facility head for response, will not be addressed by this office. |
| | 19. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance/appeal and/or properly resubmit. **YOU ARE NOW OUT OF TIME.** |
| | 20. | You did not provide the date that you received the reviewing authority's response on the appeal form. |
| | 21. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
| | 22. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
| | 23. | Your appeal must be written on the current Misconduct/Grievance Appeal form (DOC060125Veffective 4/17). |
| | 24. | You will be afforded **ONE FINAL** opportunity to properly resubmit your corrected grievance/appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 25. | Other: **YOUR GRIEVANCE APPEAL FOR JCCC 18-60 REQUIRES FURTHER INVESTIGATION BY THIS OFFICE. YOU WILL RECEIVE A RESPONSE ON OR BEFORE 8/24/18.** |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**

**NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.**

**I acknowledge receipt of this response:** 7-23-18

**Inmate's signature and date**

P.O. BOX 11400, OKLAHOMA CITY, OK. 73136-0400

EXHIBIT 1 CC







4

JOE M. ALLBAUGH
DIRECTOR

MARY FALLIN
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

July 26, 2018

EZELL, JAMES #237370
JCCC 18-60

Mr. Ezell,

Your grievance is being reviewed. Based on the information provided to this office, I have forwarded your grievance to the Warden at JCCC for further review and investigation. An amended response will be provided by the reviewing authority within twenty (20) days of receipt of this request.

If, after receiving and reviewing the amended response, you believe that you have grounds for an appeal as specified on OP-090124 entitled "Inmate/Offender Grievance Process" section VII.A., you may do so within the guidelines stipulated in policy.

Sincerely,

Mark Knutson

Mark Knutson, Director's Designee

The inmate/offender received a copy of this response 7-26-18
Signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

EX. 1 d

18-B6 connected

# Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: James Ezell DOC Number: 237370

Facility Where Offense/Grievance Occurred: ________________ Offense Code: ________________

Date of misconduct violation: ________________

☐ Facility Misconduct Appeal Number ________________

☑ Facility Grievance Appeal Number J.C.C.C 18-60

I received the response of the reviewing authority at the facility on: June 8, 2018

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

James Ezell
Signature of Inmate

June: 8, 2018
Date

DOC 060125V (R 4/17)

Ex 1e
Back side

"Probable error "continunced lies"

Copy mail 1of 2
8-16-18
OK City

"available evidence"

On 5-3-18 L.T. Parks and Capt. Hodgson violated the Policy on "force" now J.C.C.C. amended grievance # 18-60 from (1) lie to another First no evidence of excessive force was used.

→ L.T. Parks admitted offender Mr. Ezell requested the camera" upon Capt. Hodgson present offender Ezell requested the camera advising Capt. Hodgson I was not going anywhere with him without the camera, the camera was not available because these J.C.C.C. officers of Oklahoma

→ Department of Correction refused to follow the same Policy Private Prison are required to follow, (O.D.O.C.) must follow

→ J.C.C.C. "Reviewing Authority" attempts to change the first lie from no evidence of excessive force, the evidence of how serious the force was or threats made are moot without video camera hand held, "Spontaneous" use of forces are usually used on offenders that are violently in the act however, the RHU cameras on 5-3-18 support none of that ever happened for Capt. Hodgson to Spontaneously attack offender Ezell # 237370 on 5-3-18 because he said Im not going anywhere with you Capt. Hodgson without a "camera" "excessive force require camera to record the events" and to prevent dirty officers from lying, killing offenders, even more (injury) offenders".

the Policy of Max offenders any and all offenders "housed in restricted housing" both offenders must be cuffed before door opens; therefore any Force used in RHU is considered excessive and Policy are set for officers that work under O.D.OC" the officers were twisting offender arm and risk the injury support (excessive Force) So Oklahoma Department of Correction allow prison officials to lie, then lie again to attempt to cover up that the Policy of that camera ~~exit~~ exist. Policy must be followed planned or not. Capt. Hodgson Order L.T. Parks to spray offender pulled the door back close when opened if that not excessive Capt Hodgson has threaten to harm me.

(Amended) JCCC 18-60

## Grievance Decision from Reviewing Authority

Inmate/Offender Name: James Ezell DOC Number: 237370
Receipt Date: 06-05-18 Grievance Category Code: 3 Grievance Number: JCCC 18-60

1. Discrimination 3. Complaint against staff 5.Disciplinary process 7.Medical 9. Records/Sentence Admin.
8.Property/Trust Fund
2. Classification 4. Condition of confinement 6.Legal 10. Religion 11. Personal Identity

**Decision: Amended Response: Mr. Ezell #237370**

A camera was not available due to the use of force being spontaneous and not planned. OC spray was utilized in compliance with OP 050108 and the level of force was not excessive.

Relief Denied

Reviewing Authority – Facility Health Services Admin (medical issues) Date

Review Authority – Facility/District/Unit Head Date 7-26-18

I have received a copy of the decision of the reviewing authority.

Signature of Grievant Date 8-6-18

Signature of Staff Witness and Printed Name of Witness Date

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.O. Box 11400, Oklahoma City, OK 73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OK 73106, within 15 days of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appeal To Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Medical ARA.

1. Original to file
2. Copy to inmate/offender

DOC 090124B (R 7/16)

EXHIBIT 1e

DCF

EC101

JOE M. ALLBAUGH
DIRECTOR

MARY FALLIN
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

August 22, 2018

EZELL, JAMES #237370
JCCC 18-60

OP-090124 entitled, "Inmate/Offender Grievance Process" states in part, "The inmate/offender may appeal the reviewing authority's response to the grievance on the following grounds only:"

1. Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision. The inmate/offender must clearly state the newly discovered/available evidence.

2. Probable error committed by the reviewing authority in the decision such as would be grounds for reversal. The inmate/offender must clearly state the error committed by the reviewing authority, including the specific section of procedures or statutes not followed by the reviewing authority."

In your grievance appeal, you did check number one and two but did not substantiate your appeal nor did you substantiate your appeal with any authority for an error. As such, there has been nothing offered to the Director which indicates the reviewing authority's response is not proper. Therefore, the reviewing authority's response is affirmed and relief is denied. The inmate/offender will have satisfied the exhaustion of administrative remedies required by 57 O.S. § 564. However, the grievance procedure does not satisfy the additional requirements for exhaustion of administrative remedies required by the Governmental Tort Claims Act, 51 O.S. § 151 et seq.

Sincerely,

Mark Knutson, Director's Designee

I acknowledge receipt of this response: 8-23-18 mailed on ~~8-21~~ 8-16
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

EXHIBIT 1f

IN THE UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA )
) SS. 19-CV-302-JHP-SPS
COUNTY OF Hughes )

SWORN AFFIDAVIT OF JAMES EZELL #237370

I, James Ezell being of lawful age duly sworn according to law gives the following statement under oath to-wit:

(1) The affiant states that he was housed at [J.C.C.C.], James Crabtree Correctional facility Center in Helena OK from abt. September 2016 until May 3, 2018 affiant states he was placed on [J.C.C.C.] SHU Jan. 23, 2018 cellphone misconduct and signed a medium security transfer packet around end of febuary 2018., begining of March. 2019.

(2) Affiant further states on May 3, 2018 affiant asked to speak with and officer Unit Officer C/o Walker left food port open call another officer Correctional Officer L.T. Parks and sat on flour next to SHU cell 16 food port abt. 10:30 am or 11:00 on May 3, 2018 addressing the bad water we are being force to drink, how other people were transfering before affiant and his transfer packet was signed first and denial of access to courts L.T. Parks left and came back shorty with Capt. Hodgson the Captain stated stick your hands out I stated to Capt. Hodgson I am not going anywhere with you with video footages the Capt. then directed other officers L.T. Parks and C/o Walker to grab his arm, the affiant's right arm was out the food port these officers were pull and bending

EXHIBIT (A)

while affiant was yelling in the events affiant cellmate tried to help affiant. Is right handed and his right arm was pulled to his left side of his body by L.T Parks and C/o Walker on SHU, affiant asserts that although officers refuse to provide hand held videofootage SHU has a video camera at each end of that unit...

(3) Affiant further states officers cuff affiant hand to door handle left and then came back and opened the door while affiant was cuffed removed affiant cellmate afterward Capt. Hodgson pulled at affiant shirt and stated take them off then removed rest of affiant personal thing from the cell, then closed the door and left affiant right arm cuff to that door handle abt. 15 to 20 min maybe longer until they returned uncuffed affiant from door, and spray affiant and left Capt. Hodgson continued to return to SHU cell #16 without video footage finally Capt. Hodgson returned with medical staff and Mental Health Mr. Harris inwhich affiant stated without hand-held videofootage at that point Mr. Harris stated to Capt. Hodgson the Capt. refused hand-held videofootages.

(4) Affiant contiuned to request the disciplinary officer James Nall was the only was I would move from that cell James Nall came to SHU on May. 3, 2018 and stated come out and shower you are being transfered today affiant then stated I requested videofootage I request the camera and a hearing on any misconduct Mr. Nall said ok to affiant come on a shower so you can be transfered affiant was then taken to the shower by James Nall and another Sgt. were the water was So hot affiant could not shower Capt. James Nall pushed other shower bottum still the showers burned affiant body after the shower Capt. James Nall took me to a holding cell behind SHU control at that point he went in control before officers could uncuff affiant Mr. Nall had a Class A misconduct and a Class X misconduct and paper affiant/offender are to sign when requesting a hearing per O.D.O.C policy — cont.

affiant did not sign section II OR plea guilty on this Disciplinary Report Filed May. 3, 2018 sign off by James Nall and Jason Bryant then transfered affiant to D.C.F on May. 3, 2018 from James Crabtree Correctional Center were he was placed on Fox Bravo and on May. 9, 2018 D.C.F provided a custudy assessment recommending affiant be override to maximum security with medium points on May. 10, 2018 affiant was place on Echo Charlie EC-101.

(5) Affiant further states L.T. Parks C/o Walker pulled affiant right arm to his left side of his body on May. 3, 2018 and affiant have requested videofootage for start James Nall mark off the not guilty of Class A offense report forged affiant name refused to let affiant mark off not guilty on Class X forged name in Section II

(6) ~~Dr~~ Affiant further contends DAVIS CORRECTIONAL FACILITY is under contract of Department of Correction, and General Counsel David Cincotta is over Law Library at (D.C.F) were affiant has been retaliated on by Law library Supervior Ms. Patterson Law Library Clerk Tommy Raven, 2 John Doe Law Library Clerk, C/c Boggs, C/m Pfaff and U/m Ade Echo Max UCC members C/o Ms. Pirece, C/o Adkin and Law Clerk Raven, C/o Vance, C/o Bullock Grievance Cord. Ms Terry Underwood and O.D.O.C Mark Knoston and in addition affiant would state James Crabtree Correctional Center Filed Charges on affiant because No Misconduct was supported by policy

/s/ [signature]

Subscribed and sworn to before me this 13 of AUGUST 2019

Notary Public /s/ [signature]

My Commission expires 4-15-2023

CARLA HOOVER NOTARY # 11003473 EXP. 04/15/23 PUBLIC STATE OF OKLAHOMA