IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| JAMES EZELL, III, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. CIV 19-302-JHP-SPS |
| DAMON HININGER, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER DENYING
## SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for reconsideration of his previously-denied motion for appointment of counsel (Dkts. 32, 77). The Court construes the present motion as a second motion for appointment of counsel.

Plaintiff alleges the law library supervisor has denied him access to the prison law library and has written a misconduct against him for filing a Request to Staff. Plaintiff further asserts the defendants' threats and retaliation have interfered with his ability to investigate crucial facts and to litigate the complex legal matters in his case.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). There is, however, no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit

to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments.

**ACCORDINGLY,** Plaintiff's second motion for appointment of counsel (Dkt. 77) is DENIED.

**IT IS SO ORDERED** this 7th day of February 2020.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma