IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III,

           **Plaintiff,**

vs.                                    Case No. CIV-19-302-RAW-SPS

JAMES YATES, et al.,

           **Defendants.**

## DEFENDANTS' RESPONSE IN
## OPPOSITION TO PLAINTIFF'S MOTION FOR
## APPOINTMENT OF COUNSEL [DOC# 104]

COME NOW Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates by and through their attorney of record Darrell L. Moore, OBA 6332, of J. Ralph Moore, P.C., hereby responding in opposition to the Plaintiff's Motion for Appointment of Counsel [Doc. No. 104]. In support of their opposition and objection to Plaintiff's Motion, Defendants state, as follows:

      1.      Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections. He appears pro se and *in forma pauperis*. He has filed with this Court a civil complaint alleging Defendants violated his constitutional rights.

      2.      The federal statute providing for *in forma pauperis* complaints, 28 U.S.C. §1915(d), states the Court may request an attorney represent any person unable to employ counsel. However, the law does not *require* an attorney be appointed by this Court to represent Plaintiff.

3. The appointment of counsel under section §1915(d) is within the sound discretion of the District Court. *See* McCarthy v. Weinberg, 753 F.2d 836 (10th Cir.1985); Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988); Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991).

4. In Rucks v. Boergemann, 57 F.3d 978, 979 (10th Cir. 1995), the Court identified several factors to be considered in evaluating a request for appointment of counsel - the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. The Court also cited to Tabron v. Grace, 6 F.3d 147 (3rd Cir. 1993), wherein general standards regarding the appointment of counsel for inmates pursuing a civil action *in forma pauperis* were carefully discussed by the Third Circuit Court of Appeals.  In Tabron, at 156, the Third Circuit also identified a number of factors to be considered - The plaintiff's capacity to present his or her case (i.e., the plaintiff's education, literacy, prior work experience, and prior litigation experience; the plaintiff's ability to understand English; the restraints placed upon him or her by confinement); the difficulty of the particular legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; whether the case is likely to turn on credibility determinations; and, whether the case will require testimony from expert witnesses.

5. This case, though it is a 2019 filing, remains in the early stages of development.  On January 21, 2020, these responding Defendants requested an Order issue from this Court directing a stay and for the preparation and filing of a *Special*

*Report* [Doc. No. 76]. Subsequent to that filing, Plaintiff began an appeal of the District Court's denial of his second application for appointment of counsel.

6. If this Honorable Court does issue an Order for the preparation of a *Special Report* in this case, such would provide guidance as to what claims are before the Court and whether or not the Plaintiff exhausted administrative remedies as to those claims.

7. Contrary to the Plaintiff's assertion, this case does not appear to be legally nor factually complex. Using the factors previously articulated by the Tenth Circuit Court of Appeals, Plaintiff has not demonstrated an inability to litigate without the assistance of an attorney. In fact, a simple review of Plaintiff's current and previous filings show that Plaintiff is familiar with the procedures to navigate the Court system. Plaintiff's Third Motion for Counsel is document number 104 in <u>this</u> action. He has filed numerous motions and other pleadings. He has additionally litigated several previous cases with the United States District Courts in Oklahoma - Eastern District Court Case No. CIV-12-133 and Western District Court Case Nos. CIV-10-1382, 11-390, 11-1130 and a habeas corpus action, CIV-20-226.

8. Plaintiff has not presented to the Court circumstances warranting the appointment of counsel and has not demonstrated an exhaustion of his abilities to prosecute this civil matter.

9. Appointment of counsel under §1915(d) may be made at <u>any</u> point during litigation. If this Honorable Court denies Plaintiff's request at this time, nothing in that denial would prevent the Plaintiff from making application for appointment of counsel at a later date.

WHEREFORE, premises considered, Defendants ask that this Honorable Court deny Plaintiff's motion for appointment of counsel and grant Defendants such other and further relief as the Court may deem just and equitable.

> Respectfully submitted, Defendants
> Ade, Bullock, Gentry, Hininger, Hoover,
> Keys, Patterson, Perez, Pfaff, Pierce, Smith,
> Underwood, and Yates
>
> By: *[signature]*
> Darrell L. Moore, OBA #6332
> J. Ralph Moore, P.C.
> P.O. BOX 368
> PRYOR, OK  74362
> (918) 825-0332/7730 fax
> Attorney for Defendants

## Certificate of Service

☐  I hereby certify that on June 29, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☑  I hereby certify that on June 29, 2020, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

James Ezell, III
DOC# 237370
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848-9033

> *s/Darrell L. Moore*
> DARRELL L. MOORE