# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES EZELL, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 19-302-JFH-SPS |
| | ) |
| DAMON HININGER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On September 9, 2019, Plaintiff, a pro se state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. No. 1). He alleged his constitutional rights were violated while he was incarcerated at Davis Correctional Facility ("DCF"), a private prison in Holdenville, Oklahoma. On December 18, 2019, Plaintiff filed an amended complaint, naming 23 defendants, including Correctional Officers Mr. Vance ("Vance") and Mr. Adkins ("Adkins") (Dkt. No. 56). All the defendants except Vance and Adkins were served.

On June 1, 2020, the Court entered an Order directing Plaintiff to show cause why Defendants Vance and Adkins should not be dismissed from this action for Plaintiff's failure to serve them within 90 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m) (Dkt. No. 101). Plaintiff filed a response on June 12, 2020, alleging these defendants "fled" Davis Correctional Facility when the other defendants were served (Dkt. No. 105). He further asserted he had been denied access to the courts, and he had received a

1

retaliatory misconduct. *Id*. He did not, however, explain how this denial prevented him from serving Defendants Vance and Adkins. Nonetheless, the Court found that Plaintiff had shown cause for his failure to serve Defendants Vance and Adkins. (Dkt. No. 110).

In an attempt to locate and serve Defendants Vance and Adkins, on July 17, 2020, the United States Marshals Service was directed to obtain the last known addresses for Defendants Vance and Adkins (Dkt. No. 111). Service then was attempted on these two defendants at their last known addresses (Dkt. Nos. 114, 115). According to the unexecuted summonses, Vance's summons was not accepted by the addressee (Dkt. No. 120), and Adkins could not be located (Dkt. No. 119).

Although service is ultimately Plaintiff's responsibility, the record shows he has made no additional attempts to serve these defendants. Further, the fact that the Marshals Service has been unable to effect service on Defendants Vance and Adkins does not amount to "good cause" for purposes of Fed. R. Civ. P. 4(m). *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). While Plaintiff is entitled to service assistance from the Marshals Service, it is his responsibility to provide the Marshals Service with the information required to locate and serve each defendant. *Id.* After careful review, the Court finds that dismissal of Defendants Vance and Adkins is proper, because Plaintiff has failed to show good cause for his failure to serve them pursuant to Fed. R. Civ. P. 4(m).

**THEREFORE,** Defendant Vance and Defendant Adkins are DISMISSED WITHOUT PREJUDICE from this action.

**IT IS SO ORDERED** this 29th day of September, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE