**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

JAMES EZELL, III,

                 **Plaintiff,**

vs.                                                   **Case No. CIV-19-302-JFH-SPS**

JAMES YATES, et al.,

                 **Defendants.**

**REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS**
**ASSERTED IN CIVIL RIGHTS COMPLAINT**
**PURSUANT TO 42 U.S.C. SECTION 1983**

      COMES NOW Darrell L. Moore Attorney for Defendants and hereby certifies as follows:

- I have received the attached Court Ordered Special Report;

- I have electronically filed the same with this Court; and,

- I have provided the Plaintiff a copy of such report as shown in my Certificate of Service, attached to the end of this document.


                    Respectfully submitted,
                    Defendants

                    _____
                    DARRELL L. MOORE, OBA #6332
                    COURT PLACE AT NORTH VANN
                    P.O. BOX 368
                    PRYOR, OK  74362
                    (918) 825-0332
                    (918) 825-7730 fax
                    Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

**JAMES EZELL, III,**

                  **Plaintiff,**

**vs.**                                **Case No. CIV-19-302-JFH-SPS**

**JAMES YATES, et al.,**

                  **Defendants.**

**REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS
ASSERTED IN CIVIL RIGHTS COMPLAINT
<u>PURSUANT TO 42 U.S.C. SECTION 1983</u>**

COME NOW the officials in charge of the Davis Correctional Facility ("DCF") and in accordance with the Order issued by the Court on September 29, 2020 [Doc.# 127] directing the preparation of a *Special Report* do submit herein a written report of review of the subject matter of the Amended Complaint filed by Plaintiff in the above styled action. A review was made of the above styled case and the following was ascertained and determined:

**<u>INITIAL STATEMENT</u>**

Plaintiff, James Ezell, III, ODOC# 237370 appears pro se. Plaintiff Ezell is an inmate in the custody of the Oklahoma Department of Corrections. Plaintiff is currently housed at Davis Correctional Facility in Holdenville, Oklahoma. Plaintiff Ezell is housed at Davis Correctional Facility, Holdenville, Oklahoma pursuant to a contract between CoreCivic and the Oklahoma Department of Corrections. CoreCivic owns and operates the Davis Correctional Facility. Defendants Yates, Gentry, Underwood, Perez, Patterson, Ade, Pfaff, Hoover, Hininger, Pierce, Bullock, Keys and Smith were at all times relevant to the Plaintiff's allegations employees of CoreCivic.

## <u>ALLEGATIONS MADE BY PLAINTIFF</u>

Plaintiff's Amended Complaint includes allegations related to his confinement at the Davis Correctional Facility (DCF) and James Crabtree Correctional Center (JCCC).  Plaintiff has named as Defendants staff members at DCF who are employed by CoreCivic and Defendants from JCCC who are employed by the Oklahoma Department of Corrections.

Consistent with the Court's Order for *Special Report*, the Undersigned is addressing allegations made related to events and Defendants at DCF.  The Oklahoma DOC is likewise preparing a *Special Report* addressing the claims related to JCCC.

Allegations addressed by Oklahoma DOC – Plaintiff's **Count I**.

Allegations addressed in this Report:

**Plaintiff's Count II**:  That on 5/6/18 and 2/14/19 and 3/9/19, Plaintiff's First, Sixth and Fourteenth Amendment Rights were violated.

Offender Ezell makes the following allegations in support of Claim II:

- Defendant Hoover was same defendant responsible for the Echo Max Unit Access to Court.  On 5/6/18 and 2/14/19 and 3/9/19 forms used provided by Ms. Hoover (Inmate Request, Request to Staff) were outdated.  The actual law library supervisor refused to contact the General Counsel's office to obtain case law of 2018-34 that relates to CV-2018-2277 forged documents by JCCC.

- Plaintiff was being allowed to speak with an offender assigned to Echo Unit as law clerk from May 2018 untrained in law his assistance to find case law per OP-030115 was inadequate when RTS or IR was submitted to the Law Library Supervisor Plaintiff was denied access to Court by clerk.  No Law Library Supervisor was ever posted on Echo. Defendant Hoover provided wrong forms outdated and was an untrained notary.

- Plaintiff Ezell was being retaliated against from other prisoner assigned as law clerk alleging what happens to snitches filing grievances and Plaintiff Ezell was threatened with misconducts by UM Ade and CM Pfaff and medium yard Law Library Supervisor Patterson for lying to staff about being denied access to Court.  Plaintiff never received misconduct.

**Plaintiff's Count III**:  That on 04/03/18 and 06/13/19, Plaintiff's First and Fourteenth

Amendment Rights were violated.

Offender Ezell makes the following allegations in support of Claim III:

- Grievance No. 2019-1001-00170 was granted by Warden Yates after further investigation by Law Library Supervisor Patterson.  Plaintiff did not receive a misconduct for lying to staff.  The Library clerk was removed in late July 2019 and no Law Library Supervisor has been trained and posted on Echo Max Unit with trained law clerks to meet and provide what is required.  Grievance 2019-1001000236 logged retaliation by law clerk after Plaintiff proved the denied access to LT Bowman after he reviewed video footage and directed the law clerk to provide extra time.

- CO Adkins and Echo Law Clerk took the computer and refused to feed Plaintiff in cage under direction of CM Pfaff.

- Plaintiff's Exhibits 1-4 were submitted on wrong forms provided by Echo Unit/Ms. Hoover.  Those forms were supposed to be made readily available.

- On Echo Unit CM Pfaff, UM Ade, Ms. Hoover, Law Library Supervisor Patterson and Warden Yates made the grievance process inadequate.

**Plaintiff's Count IV**:  That on 06/24/19, 08/06/19, 08/13/19 and 08/15/19 Plaintiff's First, Sixth

and Fourteenth Amendment Rights were violated.

Offender Ezell makes the following allegations in support of Claim IV:

- Plaintiff Ezell submitted a grievance with attached RTS to Ms. Underwood on 6/24/19.  That RTS (Grievance 19-267) was destroyed and Ms. Patterson denied access to Court (ex 10)

- On 08/05/19 related grievance submitted to Ms. Underwood (ex 7) returned 08/13/19 by Ms. Underwood (Grievance 19-297 / 19-299) with the intent of destroying grievance appeal by not providing Plaintiff the grievance restriction on August 13, 2019 as it is dated August 7, 2019.  No mailbox rule Grievance Restriction arrived August 15, 2019 and it takes 4 days from August 15, 2019 to obtain a Notary 6 days therefore would have passed out of time before it reached ARA.  Plaintiff had GR affidavit already logged.  On August 20, 2019 and August 27, 2019 Hoover refused to Notary Grievance Restriction affidavit at the direction of Terry Underwood.

- On October 14, 2019 door side EC102 Hoover came to Plaintiff's door at his request for a Notary which she denied stating you have filed a lawsuit on me before and refused to notarize affidavit addressed to the Eastern District on direction of Diana Jones.  They continue to deny OP-030115 and OP-090124.

- On November 1, 2019 Plaintiff called CO Ryan to EA-219 and requested to call Law Library Supervisor Patterson concerning Plaintiff's deadline under PC-2018-819 order that was previously provided.  Ms. Patterson was denied law library access she stated PC-2018 Order from OCOA 01/08/19 Plaintiff submitted a RTS per OP-09012 on 11/13/19 Law Library Supervisor wrote Plaintiff a misconduct based on his litigation CIV-19-302 Complaint denying law library access to Courts.

**Plaintiff's Count V**:  That on 06/26/19, 09/12/19, 10/14/19 and 11/13/19 Plaintiff's First, Sixth,

Eighth and Fourteenth Amendment Rights were violated.

Offender Ezell makes the following allegations in support of Claim V:

- Echo Unit is without a law library that meets the requirement established in Bound v. Smith per OP030115 access to Court.

- Law Library Supervisor Patterson failed to provide correct forms to Echo Unit. Grievance Coordinator Underwood failed to provide correct forms to Echo Unit.  Unit Clerk Hoover has been assigned to provide forms to Echo as well as Notary services. None of the above are trained in the law nor is there a trained law clerk assigned to Echo.

- On June 24, 2019 Plaintiff provided grievances to mailroom supervisor with RTS on June 26, 2019 the RTS was destroyed by Ms. Underwood.

- On August 20, 2019 Echo Unit assigned Ms. Hoover denied notary under direction of Ms. Underwood, Deputy Warden Perez and Deputy Warden Gentry as well as COUM Dorman directed Mailroom Supervisor West not to notarize for Echo Unit.  Law Library Supervisor Patterson is not a notary.

- On September 12, 2019 Ms. Underwood returned three (3) grievances submitted on August 27, 2019 through Mailroom West then retaliated on by issuing misconduct on August 29, 2019.  The denial and destruction of grievance RTS and deliberate refusal to log three grievances submitted timely.  Plaintiff's right to exhaust grievances and to petition the government under the First Amendment and Fourteenth Amendment to equal protection and due process were violated.

- First Defendants deprived Plaintiff of access to Courts through available forms, Notary, yard supervisor trained, clerk trained, review authority Underwood directed Hoover not to notarize grievance restriction affidavit to prevent legal victory, medium yards are allowed notaries access to court in actual library.

- Warden Yates placed Plaintiff on Grievance Restriction 8/7/19.  Deputy Warden Gentry has intentionally directed the Law Library Supervisor to deny access to Plaintiff even with actual deadline.  On November 1, 2019 Ms. Patterson denied access stating Plaintiff did not have a deadline on Nov. 4, 2019.  Plaintiff submitted RTS to Law Library

Supervisor Patterson to resolve the issue.  Plaintiff filed a Motion for appointment of Counsel in Eastern District.  Ms. Patterson wrote a disciplinary offense report based on Plaintiff's litigation.

- Warden Yates is directly responsible for assuring Plaintiff Access to Courts.

- PC-2018-819 on Jan 8 2019 – one year limitation period which Law Library Supervisor Patterson rejected because she is untrained.  Because the assigned clerks are untrained.  Ms. Patterson directly retaliated based on Complaint filed Plaintiff believes it was after service of summons.

- September 9, 2019 no trained law library clerk was assigned to Echo Max by Warden Yates, Assistant Warden Gentry neither had General Counsel David Cinotta approved one this deny offenders access to Courts and offender grievance process.  Whereas a trained law library clerk is supposed to be available for offender mon-fri as well as trained lls.  Since Plaintiff has filed grievances resulted in his overall condition becoming worse instead of better.  Use of administrative remedies resulted in destruction of TRS by GC Underwood and threats of grievance restriction

## **INVESTIGATION**

Plaintiff is housed by the Oklahoma Department of Corrections at the Davis Correctional Facility in Holdenville, Oklahoma.  For purposes of completing this report, the undersigned spoke with appropriate staff members at Davis Correctional Facility, to include Security staff, Administration staff, Library staff, and the facility Grievance Coordinator.  The undersigned has collected records from Davis Correctional Facility and from the Oklahoma Department of Corrections.

**Plaintiff's Count II**:  That on 5/6/18 and 2/14/19 and 3/9/19, Plaintiff's First, Sixth and Fourteenth Amendment Rights were violated.

Defendant Hoover was at all times relative to Plaintiff's allegations an Administrative Clerk on the Echo Unit, one of the maximum-security housing units at Davis Correctional Facility.  Her duties do not specifically involve assisting inmates with Access to Court.

The Administrative Clerk job duties are summarized as The Administrative Clerk provides clerical and administrative support for various departments.  Performs varied and moderately complex typing, clerical functions and related general office duties that require independent judgment in the use of work methods and procedures.  See Exhibit 1 – Administrative Clerk Job Description.

Ms. Hoover's job is to support her unit team administratively.  Insofar as the Unit Team supports offenders, Ms. Hoover does provide some support to offenders to include providing Notary services.

Plaintiff asserts that on 5/6/18 and 2/14/19 and 3/9/19 forms used provided by Ms. Hoover were outdated.  Plaintiff does not however explain how even if that were true that it prevented him from accessing the grievance process.  A review of the grievance records shows that Plaintiff was routinely provided ten extra days to correct and resubmit his grievances, especially for minor issues like an outdated form.  See Exhibit 2, Grievance records.

Plaintiff asserts that the law library supervisor refused to contact the General Counsel's office to obtain case law of 2018-34 that relates to CV-2018-2277 forged documents by JCCC.  Mrs.  Patterson is no longer employed at Davis Correctional Facility, however the grievance records show that the Plaintiff filed a grievance related to this issue and it was resolved through the grievance process and the Plaintiff was provided the requested information.   See Exhibit 2, Grievance No. 2019-104.

Plaintiff asserts that he was being allowed to speak with an offender assigned to Echo Unit as law clerk from May 2018 but that he was untrained in the law and therefore his assistance to find case law per OP-030115 was inadequate.  He complained that No Law Library Supervisor was ever posted on the Echo unit and that Defendant Hoover provided wrong forms outdated and was an untrained notary.  Plaintiff was not on grievance restriction until August of 2019 and does not assert why he needed a trained notary in May of 2018.  All offender clerks are trained and have passed testing as outlined by OP-030115.  Likewise, OP-030115 does not provide that there should be more than one Law Library Supervisor per facility.  See Exhibit 3, affidavit of Ms. Dorman.

Plaintiff Ezell asserts he was being retaliated against from other prisoner assigned as law clerk alleging what happens to snitches filing grievances and Plaintiff Ezell states he was threatened with misconducts by UM Ade and CM Pfaff and medium yard Law Library Supervisor Patterson for lying to staff about being denied access to Court.  By his own admission however, Plaintiff never received such misconducts.  Offender Ezell does not provide any specifics in his allegations.

Offender Ezell makes the following allegations in support of Claim III:

He asserts that Grievance No. 2019-1001-00170 was granted by Warden Yates after further investigation by Law Library Supervisor Patterson.  Plaintiff asserts he did not actually receive a misconduct for lying to staff.  He asserts that the Library clerk was removed in late July 2019 and no Law Library Supervisor has been trained and posted on Echo Max Unit with trained law clerks to meet and provide what is required.   Plaintiff's complaint was by his own admission addressed by the Warden and the law clerk about whom he complained was removed.  Policy OP-030115 does not require a librarian on each yard.   See Exhibit 4, Policy OP-030115.

Plaintiff asserts that Grievance 2019-1001000236 logged retaliation by law clerk and that he proved the denied access to LT Bowman after he reviewed video footage and directed the law clerk to provide extra time.  As noted below in the discussion of administrative remedies, that grievance proved nothing and was related to Plaintiff's refusal to return to his cell after his allotted time in the library cage.  See Exhibit 2, Grievance No. 2019-236.

Plaintiff Ezell asserts that CO Adkins and Echo Law Clerk took the computer and refused to feed Plaintiff in cage under direction of CM Pfaff.  However, the request to staff answered by officer Adkins states that the Plaintiff refused to exit the library cage and refused his meal.  It in no way shows retaliation.  See Exhibit 2, Grievance No. 2019-236.

Plaintiff asserts that his Exhibits 1-4 were submitted on wrong forms provided by Echo Unit/Ms. Hoover and that those forms were supposed to be made readily available.  The grievance coordinator has testified that she provided updated forms to all appropriate staff when they are updated by DOC.  If the Plaintiff had additional forms in his cell there would be no way for the unit clerk to know that.  Additionally, as noted above a grievance returned for being on an outdated form would have noted that the Plaintiff could correct and resubmit.  See Exhibit 5, Affidavit of Terry Underwood.

Plaintiff asserts that on Echo Unit CM Pfaff, UM Ade, Ms. Hoover, Law Library Supervisor Patterson and Warden Yates made the grievance process inadequate.  Offender Ezell clearly had access to the grievance process, even a remedial review the grievance records clearly shows that the Plaintiff had access even if he chose to not follow the instructions provided to him. See Exhibit 2, Grievances.

**Plaintiff's Count IV**:  That on 06/24/19, 08/06/19, 08/13/19 and 08/15/19 Plaintiff's First, Sixth

and Fourteenth Amendment Rights were violated.

Offender Ezell makes the following allegations in support of Claim IV:

Plaintiff asserted that he submitted a grievance with attached RTS to Ms. Underwood on 6/24/19.  That RTS (Grievance 2019-267) was destroyed and Ms. Patterson denied him access to Court.  Plaintiff's allegation is simply not accurate.  No RTS was destroyed.  Offender Ezell failed to submit a RTS with his grievance.  See Exhibit 2, Grievance No. 2019-267.

Plaintiff asserted that on 08/05/19 a related grievance was submitted to Ms. Underwood and returned on 08/13/19.  He asserts Underwood intended to destroy those grievances (Grievances 19-297 / 19-299) by not providing Plaintiff the grievance restriction on August 13, 2019 as it is dated August 7, 2019.  Plaintiff asserted that there is no mailbox rule and that Grievance Restriction arrived August 15, 2019 and it takes 4 days from August 15, 2019 to obtain a Notary 6 days therefore would have passed out of time before it reached ARA.  Plaintiff was given 10 days to correct and resubmit.  See Exhibit 2, Grievance No. 2019-297-299.

Plaintiff asserts that Hoover refused to Notarize his Grievance Restriction affidavit at the direction of Terry Underwood.  However, Grievance 2019-297 was submitted on August 6, 2019

before offender Ezell was placed on Grievance Restriction.  That grievance was returned unanswered for different reasons and yet he was still given 10 days to correct and resubmit. Ezell did not resubmit that grievance until August 21, 2019.   The resubmitted grievance did not correct the insufficiency of the initially submitted grievance.  However, the grievance was not returned based on the lack of a grievance restriction affidavit.  Grievance No. 2019-299 was submitted that same date, August 6, 2019, the grievance was out of time initially, but had nothing to do with the Grievance Restriction. See Exhibit 2, Grievance No. 2019-297-299.

Plaintiff asserts that On October 14, 2019 Ms. Hoover came to Plaintiff's door at his request for a Notary which she denied stating you have filed a lawsuit on me before and refused to notarize affidavit addressed to the Eastern District on direction of Diana Jones.  They continue to deny OP-030115 and OP-090124.  Mrs. Hoover addressed this issue in her response to an Inmate Request.  She stated that she only declined to notarize Mr. Ezell's personal copies and only that because he did not want to pay for the additional notarizations.  See Exhibit 6, Inmate Requests.

On November 1, 2019 Plaintiff asserts that he called CO Ryan to EA-219 and requested to call Law Library Supervisor Patterson concerning Plaintiff's deadline under PC-2018-819 order that was previously provided.  Ms. Patterson denied law library access she PC-2018 Order from OCOA 01/08/19 Plaintiff submitted a RTS per OP-090124 on 11/13/19 to the Law Library Supervisor.   Plaintiff asserts the librarian wrote Plaintiff a misconduct based on his litigation CIV-19-302 complaint denying law library access to Courts.  Offender Ezell was found guilty of a misconduct for fraternizing with staff.   His only sanction was 60 days phone restriction.  See Misconduct Exhibit 7.

**Plaintiff's Count V**:  That on 06/26/19, 09/12/19, 10/14/19 and 11/13/19 Plaintiff's First, Sixth,

Eighth and Fourteenth Amendment Rights were violated.

Offender Ezell makes the following allegations in support of Claim V:

Plaintiff asserts that Echo Unit is without a law library that meets the requirement established in Bound v. Smith per OP030115 access to Court.  Offender Ezell suggests that there should have been a Law Library supervisor on the medium and on the maximum security yard. Policy OP-030115 does not require a librarian on each yard.   See Exhibit 4, OP-030115.

Plaintiff asserts that Law Library Supervisor Patterson failed to provide correct forms to Echo Unit and that Grievance Coordinator Underwood failed to provide correct forms to Echo Unit.  He asserts that Unit Clerk Hoover has been assigned to provide forms to Echo as well as Notary services and that None of the above are trained in the law nor is there a trained law clerk assigned to Echo.  All of these issues have been addressed herein.  Law clerks assigned by the law library have been trained in accordance with OP-030115.  The Grievance Coordinator has testified that she did disseminate forms to all appropriate staff.  Mrs. Hoover did provide Notary services for Offender Ezell, as evidenced by a review of the grievance records.

Plaintiff asserts that on June 24, 2019 Plaintiff provided grievances to the mailroom supervisor with RTS on June 26, 2019 the RTS was destroyed by Ms. Underwood.  As has been discussed herein, no RTS was destroyed, when Grievance No. 2019-267 was received by the Grievance Coordinator there was no RTS attached, and that was one of the notations on the return memorandum.  Offender Ezell was provided 10 days to correct and resubmit that Grievance, but chose instead to appeal that decision to DOC's ARA.  See Exhibit 2, Grievance No. 2019-267.

Plaintiff asserts that on August 20, 2019 Echo Unit assigned Ms. Hoover denied notary under direction of Ms. Underwood, Deputy Warden Perez and Deputy Warden Gentry as well as COUM Dorman directed Mailroom Supervisor West not to notarize for Echo Unit.  However, Mrs.  Hoover provided four (4) notaries for offender Ezell on August 20, 2019 according to her response to his Inmate Request.  See Exhibit 6, Inmate Requests.


## <u>USE OF ADMINISTRATIVE REMEDIES</u>

An administrative remedies grievance policy is available for inmate use at Davis Correctional Facility.   As set forth above, Davis Correctional Facility is a private prison contracted with the Oklahoma Department of Corrections for the housing of DOC inmates.  The Oklahoma DOC administrative remedies grievance policy - OP-090124, is used at Davis Correctional Facility.  The Oklahoma DOC administrative remedies policy sets out the steps an inmate must follow in order to exhaust administrative remedies as to any claims.  The DOC OP-090124 policies effective between April 30, 2018 and November 30, 2019 are attached hereto as Exhibits 8-1 and 8-2.

The Oklahoma DOC administrative remedies policy, OP-090124, requires an inmate to initially attempt to resolve any issue through informal resolution.  Then, if the inmate remains not satisfied, he must file a formal grievance.  The final step in the administrative remedies process directs an inmate to make a final appeal of his concerns to the Oklahoma DOC Administrative Review Authority at the Oklahoma DOC Headquarters. *See* Exhibits 8-1 and 8-2, ¶ V - VII.

**Inmate Ezell's use of the Grievance process:**

Inmate Ezell submitted eighteen (18) grievances during the time frame outlined by him in the Amended Complaint, April of 2018 through November of 2019.  Those grievances are attached to this Report as Exhibit 2.  Those records show as follows:

**1.       Grievance No. 2018-138.**

The first grievance falling within the appropriate time frame was Grievance No. 2018-138.  In support he submitted a Request to Staff dated May 24, 2018 to the Law Library Supervisor dated May 20, 2018 stating that he had a verified legal deadline and was not being provided computer time.  Under "Action Requested" Offender Ezell states that he expects to be on the list everyday under his deadline and if this facility is unable to meet the access to Court maybe they need to transfer him to Oklahoma State Penitentiary.  The RTS was responded to noting that Offender Ezell had signed a 'deadline completion form" acknowledging his deadline had been met and noting that offenders are allowed 2 hours of library time per week if requested in advance.

A Grievance was submitted related to this issue on May 31, 2018 marked as an "Emergency."  Under action you believe the reviewing authority could take Offender Ezell states "The problem is Ms. Hassan is not reading the documents provided, she is allowing an offender **that has not been approved by the bar** direct her actions of who is placed on the deadline list, Raven my deadline is not expired now I expect make up time as this gets resolved or transfer me to (OSP) max, thank you respectfully."

That grievance was returned unanswered on May 31, 2018 noting: 1) that the offender could not grieve requesting a transfer to another facility; 2) that he could not grieve more than one issue per grievance form and specifically noting that the offender had requested computer

time and a transfer; 3) that it had been determined that the grievance was not of an emergency nature, and specifically noting that Offender Ezell had signed a document on May 15, 2018 verifying that your deadline was completed. Offender Ezell was given 10 days to correct and resubmit. However, instead of resubmitting, Offender Ezell submitted an appeal to the Administrative Review Authority. That appeal was returned unanswered noting that 1) the grievance was not of an emergency nature; 2) that he had failed to follow previous instructions from the reviewing authority and therefore he was now out of time and specifically stating: you failed to correct your grievance and properly resubmit to the Reviewing authority. If a legal deadline has changed or you have acquired an additional one, it is your responsibility to notify staff as per OP-03011 5, Section v.a.2.

## 2.    Grievance No. 2019-104

The next grievance was Grievance No. 2019-104. Mr. Ezell submitted a request to staff dated February 21, 2019 to the Law Librarian complaining that fines should not be imposed as a sanction if charges are being filed against the inmate. Under "Action Requested" Offender Ezell indicates that he shouldn't be fined and wants information provided. The RTS was responded to noting that Offender Ezell should review his CRC because such information would be included on the CRC. He then submitted Grievance 2019-104 related to this issue on February 26, 2019. Under action you believe the reviewing authority could take Offender Ezell states "Mr. Ezell is clear on OP-060125 [Range of allowable sanctions] fine imposed $20.00 Title [22 § 504.1.D]. Alfalfa County is without authority of DOC policy OP-060125. Obtaining the case law from the DCF Law clerk are supposed to have access to provide assistance to DCF offenders access to Courts OP-030115 General Counsel Mr. Ezell prose CF-2018-34." That grievance was returned unanswered on March 13, 2019 noting: 1) The Grievance must be specific as to complaint, dates,

places, personnel involved and how inmate was affected; and that the issue is unclear of what offender is wanting; Offender Ezell was given 10 days to correct and resubmit.

Offender Ezell did resubmit 2019-104 on March 21, 2019.   In his resubmission he stated "I feel that I was clear OP-060125 [range of allowed sanctions] fine imposed $20.00 Title 22 § 504.1.D.  Prohibits Alfalfa County from charges.  However, after research of DCF LRC with Echo law Clerk Raven no case law was available.  Therefore, it was Ms. Patterson's responsibility to Contact General Counsel to provide case law as I requested.  The re-submitted grievance was returned unanswered on March 28, 2019 noting: 1) The Grievance must be specific as to complaint, dates, places, personnel involved and how inmate was affected; and 2) that due to Ezell's continued failure to submit a properly filed grievance he was now out of time; The return additionally noted that there was no specific date of incident.

**3.      Grievance No. 2019-144**

The next was Grievance No. 2019-144, in support of which he submitted a request to staff dated March 6, 2019 to Case Manager Pfaff, asking to review his jacket for legal purposes and asking to be directed on how to do that.  The RTS was responded to by the case manager noting that he was trying to find the form.  The Grievance was submitted related to this issue on March 26, 2019.  Under action you believe the reviewing authority could take Offender Ezell states "Direct Ms. Pfaff my unit case manager to set a date within 2 weeks or before for me to review my personal as requested only the last 2 years was requested DOC policy allows offenders this thank you."  That grievance was Answered on March 29, 2019 noting: "Inmate Ezell requested that his Case Manager, Shay Pfaff, set a date within 2 weeks or before for Ezell to review his field file for documentation dated within the last 2 years.  After further investigation by Case Manager Pfaff, he will set a time to review Inmate Ezell's field file with

him when CM Pfaff has sufficient time.  He is not able to give Inmate Ezell a specific date and time within the next 2 weeks to review Ezell's field file.  Inmate Ezell's is Granted Partial Relief in that CM Pfaff will review his field file with him but is unable to provide a specific date within the next 2 weeks to do so. Inmate Ezell's RELIEF IS PARTIALLY GRANTED."

**4.      Grievance No. 2019-170**

The next grievance submitted by Mr. Ezell was Grievance No. 2019-170.  In support he submitted a Request to Staff dated March 13, 2019 to the Law Library Supervisor complaining that the offender Library Clerk was denying him access to the library computer.  Under "Action Requested" Offender Ezell indicates that a law library supervisor needs to be placed on EC to supervise law clerk.  That Request to Staff was responded to by the Librarian noting that she had records that offender Ezell spent 3 hours and 15 minutes on 3/6/19 and spent 6 hours on 3/11/19.  She additionally noted that she had instructed the clerk that staff must be present when speaking him Mr. Ezell.  A grievance was submitted related to this issue on April 3, 2019.  Under action you believe the reviewing authority could take Offender Ezell states "See OP-030115 III(A) is clear someone trained will supervise the law library and [inmates] Mon-Friday no staff member trained to maintain law library is posted on Echo Max to supervise Echo Law Clerk Raven to prevent lies to staff, denied access to courts, however DCF has two other staff members trained per OP-030115 that could be posted to assist supervisor."

Grievance 2019-170 was returned unanswered on April 17, 2019 noting: 1) The Grievance must be specific as to complaint, dates, places, personnel involved and how inmate was affected; and that the issue is unclear of what offender is wanting.  On May 14, 2019 Offender Ezell appealed the return to the Administrative Review Authority who directed the Reviewing Authority at Davis Correctional Facility to provide offender Ezell an amended

response.  Therefore, an amended Response was provided on June 12, 2019.  That amended response read as follows: Inmate Ezell complained that the law clerk on Echo unit denied him access to the law library cage on 3/4/19 and 3/5/19.  He requested that a trained staff member be posted on the Echo unit to supervise the law clerk.  After further review of the matter, Jessica Patterson, Law Library Supervisor responded that I/M Ezell used the computer in the law library cages 3 hours and 15 minutes on 3/6/19 and 6 hours on 3/11/19.  This exceeds the amount of time that the inmates are allowed to use the computers. The Law Library cannot guarantee an inmate will use the computers on a specific day.  It depends on the pod schedule for that day. The law clerk has been instructed not to speak to I/M Ezell unless a staff member is present. Inmate Ezell's RELIEF IS GRANTED.

Offender Ezell appealed that response to the Administrative Review Authority as well. That Appeal was responded to on July 8, 2019 by the Director's Designee stating "In your grievance appeal, you did check number one and two but did not substantiate your appeal nor did you substantiate your appeal with any authority for an error.  As such, there has been nothing offered to the Director which indicates the reviewing authority's response is not proper. Therefore, the reviewing authority's response is affirmed. The inmate/offender will have satisfied the exhaustion of administrative remedies required by 57 O.S. § 564."

## 5.      Grievance No. 2019-176

Plaintiff Ezell's next grievance was Grievance No. 2019-176.  In support he submitted a Request to Staff dated March 28, 2019 to the Law Librarian complaining about the Echo Law Clerk.  Under "Action Requested" Offender Ezell indicates that the law clerk should be written up for lying to staff, fired for denying offenders access to court per OP-030115 in retaliation of grievance filed; furthermore transfer from DCF because he his to familiar with staff is unfair to

offenders of DCF Review video footages.  That Request was responded to stating "Sir you are being provided access to meet your deadline time by the clerk.  Further unfounded attacks upon the clerk will constitute lying to staff." A Grievance was submitted related to this issue on April 05, 2019.  Under action you believe the reviewing authority could take Offender Ezell states "ODOC forbid offenders to have control over other offenders.  Raven has that because his to familiar with staff a clear disadvantages to other offenders.  I have proved Echo law clerk has broken OP-030115 policy in addition lied to staff in retaliation because Mr. Ezell files grievance for deny access under documented deadlines PC-2018-819 MA-2018-1244 Mar 8, 2018 additional CF-2018-34 prose case personally appearance April 26, 2019 Court imposed or procedural (court rule) deadline Bound v. Smith, Casey v. Lewis, OP-03115."  Grievance 2019-176 was returned unanswered on April 17, 2019 noting: 1) The RTS was not consistent with the issue requested on the Grievance must be specific as to complaint, dates, places, personnel involved and how inmate was affected; Offender Ezell was given 10 days to correct and resubmit, however he did not do so.

**6.    Grievance No. 2019-236**

The next grievance was Grievance No. 2019-236.  A Request to Staff dated April 3, 2019 was submitted to Corrections Officer Adkins, complaining about being denied access to Courts. Under "Action Requested" Offender Ezell stated that he expected the officer to explain his attempt to deny food.  That Request to Staff was responded to noting that offender Ezell refused to go back to his cell and refused his meals.  The Grievance was submitted on April 25, 2019. Under action you believe the reviewing authority could take Offender Ezell states "No staff member could violate offender's 8th Amendment right as it relates to denied lunch and dinner meal of offenders in Echo Max Law Library Cages.  CO Adkins attempted to use denial of Mr.

Ezell's food or any other offenders' food cannot be denied in relation to access to Court OP-030115." That grievance was returned unanswered on May 29, 2019 noting: 1) That the offender did not completed the grievance form correctly in its entirety or on the correct form, that the form was out of date; and 2) The Grievance must be specific as to complaint, dates, places, personnel involved and how inmate was affected; specifically noting that the RTS did not list a specific date of incident. Offender Ezell was given 10 days to correct and resubmit. The grievance additionally noted that it was being responded to late due to the Grievance Coordinator having been out for surgery; Offender Ezell was given 10 days to correct and resubmit, however he did not do so, instead he chose to appeal that decision to DOC's administrative review authority. That appeal was returned unanswered on July 9, 2019 noting that the appeal contained issues not presented to the reviewing authority below; That the offender failed to follow instructions of the reviewing authority he was now out of time; specifically noting that he failed to resubmit your request to staff with the required information as per OP-090124 Section V.B.1.a.(1).

7.      **Grievance No. 2019-254**

        The next submitted grievance was Grievance No. 2019-254. The Request to Staff dated June 4, 2019 to Law Librarian Patterson, requested an address for an out of state attorney. Under "Action Requested" Offender Ezell indicates he has a right to obtain the address and write her, provide the address or refuse. That Request to Staff was responded to by the Librarian noting that she did not have access to out of state attorney listings. A Grievance was submitted related to this issue on June 11, 2019. Under action you believe the reviewing authority could take Offender Ezell states "Ms. Patterson the law library supervisor should be directed to use the available computer access provide access to the Court to Oklahoma inmate per 030115 or contact

General Counsel as policy states." That grievance was responded to on June 21, 2019 stating "Inmate Ezell requested that Ms. Patterson, Law Library Supervisor look on the computer and provide him the address of an out of state attorney in North Carolina.  After further review of the matter, J. Patterson, Law Library Supervisor will look on the computer and endeavor to provide this address for Inmate Ezell.  Inmate Ezell's RELIEF IS GRANTED."  Exhausted

## 8.      Grievance No. 2019-255

Plaintiff's next grievance was Grievance No. 2019-255.  Offender Ezell submitted an emergency grievance on June 14, 2019 regarding an Order he wished to appeal and his claims of being denied access to the Court to do so.  Under action you believe the reviewing authority could take Offender Ezell states "DCF has law clerks in that law library that either are retaliating on offenders that expose the lack of legal knowledge required to be a law clerk.  DCF refuses to fix this problem with denied access to courts per OP-030115 either replace Ms. Patterson or law clerks."  That grievance was returned unanswered on June 18, 2019 noting: 1) only one issue or incident was allowed per grievance; and 2) That it had been determined that the grievance was not of an emergency nature; 3) That grievances shall not be submitted requesting discipline of staff, and specifically that offender Ezell had requested to replace Ms. Patterson or the law clerk. Offender Ezell was given 10 days to correct and resubmit however he chose not to do so.

## 9.      Grievance No. 2019-267

The next grievance was Grievance No. 2019-267.  Offender Ezell submitted a grievance on June 26, 2019 regarding his being denied access to the Court to do so.  Under action you believe the reviewing authority could take Offender Ezell states "Ms. Patterson Law Library Supervisor continue to allow assigned legal law clerks assigned in DCF law library to retaliate on Mr. Ezell for filing grievances because denied access to Court per op-030115, either the law

clerk has lack of legal knowledge (ok) is retaliating by giving Ms. Patterson incorrect information and should be removed from his job whereas I am held on Echo Max and must depend on his legal knowledge to grant or deny my access to Court because a inmate said so correction is removal of this offender for his incompetency because clearly anything else would be retaliation for filed grievances." That grievance was returned unanswered on June 26, 2019 noting: 1) an answered request to staff addressed to the correct staff member must be attached; 2) only one issue or incident was allowed per grievance. Offender Ezell was given 10 days to correct and resubmit However, instead of resubmitting, Offender Ezell submitted an appeal to the Administrative Review Authority.  That appeal was returned unanswered on July 11, 2019 noting that 1) No informal action, RTS response included; 2) that additional issues submitted in the grievance appeal not presented in the initial grievance to the reviewing authority; 3)  that he had failed to follow previous instructions from the reviewing authority and therefore he was now out of time and specifically.

**10.     Grievance No. 2019-268**

The next grievance was Grievance No. 2019-268.  Offender Ezell submitted this grievance under the designation of "an emergency grievance" on June 26, 2019.  The grievance related to his being denied proper grievance and appeal forms.  Under action you believe the reviewing authority could take Offender Ezell states "Per 0P-030115 Ms Patterson is responsible for making all forms readily available per access to court.  It's not Ms. Hoover job under OP-030115 clearly they were unavailable [the reviewing authority may correct any denial of appeal because the form being unavailable per OP-030115 access to court." That grievance was returned unanswered on June 26, 2019 noting: 1) an answered request to staff addressed to the correct staff member must be attached; 2) only one issue or incident was allowed per grievance;

3) that he was being officially warned that continued abuse of the grievance process would result in being placed on grievance restriction; Offender Ezell was given 10 days to correct and resubmit However, instead of resubmitting, Offender Ezell submitted an appeal to the Administrative Review Authority.  That appeal was returned unanswered on July 11, 2019 noting that 1) No informal action, RTS response included; 2) that additional issues submitted in the grievance appeal not presented in the initial grievance to the reviewing authority; 3)  that he had failed to follow previous instructions from the reviewing authority and therefore he was now out of time and specifically.

### 11.    Grievance No. 2019-291

The next grievance was Grievance No. 2019-291.  In a Request to Staff dated July 1, 2019 to Case Manager Pfaff, Mr. Ezell complained about being denied access to review his field file.  Under "Action Requested" Offender Ezell stated that DOC policy states offender's case manager will sit down with offender to review jacket information and that is exactly what he wanted done.  That Request to Staff was responded to noting that per policy OP-060212 he would be allowed to view any documents that are approved and noting that he would be sent a date.  A Grievance was submitted related to this issue on July 23, 2019.  Under action you believe the reviewing authority could take Offender Ezell states "The review authority has granted this grievance almost 3 months ago however echo unit team at DCF has disregarded Mr. Ezell's right refuse to allow review of jacket per OP-060212 as grievance # 144 direct echo unit c/m -u/m to do their job due process."  That grievance was answered on August 13, 2019 noting: Inmate Ezell had requested on grievance 2019-144 to review his field file. He alleged that his Case Manager has not allowed him to review his field file.  After further review of the matter, Shay Pfaff, Case Manager for Echo Charlie Unit, said that in May 2019 Inmate Ezell gave him a

listing of the documents that he wanted to review. CM Pfaff pulled the documents that Inmate

Ezell was allowed to review and gave him copies.  Inmate Ezell's RELIEF IS GRANTED.

Despite having been granted the requested relief, Offender Ezell appealed that decision to DOC's

administrative review authority.  That appeal was returned unanswered on November 1, 2019

noting that the inmate was on grievance restriction and that the proper documentation was not

attached.  He was given an additional ten (10) days to correct the appeal and resubmit and noted

that the submitted affidavit was not acceptable.

12.    **Grievance No. 2019-297:**

The next grievance was Grievance No. Grievance No. 2019-297.  In a Request to Staff

dated July 1, 2019, addressed to Grievance Coordinator Terry Underwood, Offender Ezell

complained about the grievance procedure.  Under "Action Requested" Offender Ezell stated

that he suggests that she exhaust his grievances because the procedural defect is hers and to stop

threatening him with grievance restriction.  That Request to Staff was responded to noting that if

he warranted being placed on grievance restriction the Warden would place him on restriction.

She additionally indicated it was his responsibility to insure grievances were properly submitted

with the RTS.

Grievance No. 2019-297 was submitted on August 6, 2019.  Under action you believe the

reviewing authority could take Offender Ezell states "Offender did receive those RTS from Law

Library Supervisor timely, offender did attach RTS to grievances submitted, the reviewing

authority could place a vox on units that only grievance coordinator would have to pick these up

as policy already state grievances, grievance coordinator suppose to have control over a box on

units eliminate all other employees handling grievances."

That grievance was returned unanswered on August 7, 2019 noting: 1) The request to staff issue was not consistent with the grievance issue; Specifically noting that on the RTS the IM wanted to be able to exhaust grievances for the grievances submitted on 6/24/19 that did not have RTS attached when they were received at the Warden's office.  That he did not resubmit those grievances with RTS within the 10 days that you were allowed to resubmit. Those grievances are now considered out of time frame and moot.  Further on the Grievance you wanted the Reviewing Authority to have grievance boxes on the units and have the Grievance Coordinator pick up their contents every day.  Different issues, do not match.   Offender Ezell was given 10 days to correct and resubmit.   Offender Ezell resubmitted that grievance on August 21, 2019.  The resubmission was returned unanswered on August 27, 2019 noting 1) The request to staff issue was not consistent with the grievance issue;  Specifically that the RTS does not match the grievance.  Cannot resubmit; 2) due to continued failure to properly submit the grievance was now out of time.

Offender Ezell submitted an appeal to the Administrative Review Authority.  That appeal was returned unanswered on September 19, 2019 noting that 1) the inmate was on grievance restriction and proper documentation was not included;  Specifically noting that the offender was placed on Grievance restriction on August 7 and no affidavit was included; and 2) that he would be afforded one final opportunity to resubmit the grievance.   Offender Ezell chose not to resubmit.

**13.    Grievance No. 2019-299**

The next grievance was Grievance No. 2019-299.  Mr. Ezell submitted a Request to Staff dated July 1, 2019 to Case Manager Pfaff, complaining about having his medium transfer packet overridden to maximum security.  Under "Action Requested" Offender Ezell stated that his

transfer packet should be corrected to reflect a recommendation for a lower security due to clear conduct.  That Request to staff was responded to by the case manager noting that the override was due to the offenders past violent history and staff assaults one of which has not expired.  A Grievance was submitted related to this issue on August 06, 2019.  Under action you believe the reviewing authority could take Offender Ezell states "C/M Pfaff is retaliating because offender has filed grievances and very clear offenders can submit transfer packet with 1 year clear especially if they have a medium security points meet requirement should have been directed to do his job c/m and prepare FAF so DOC could grant or deny transfer packet."  That grievance was returned unanswered on August 7, 2019 noting: 1) Grievance not filed within specified time frame, noting the RTS must be submitted within seven days.  Specifically, the grievance stated that on June 16, 2019 offender Ezell addressed CM Pfaff in his office about your FAF packet.  The RTS submitted to CM Pfaff was not submitted until 6/28/19.  Out of time frame from date of incident, 12 days, cannot submit grievance.

**Grievance Restriction**

On August 7, 2019 Offender Ezell was placed on Grievance Restriction noting his grievances that has been submitted with the intention of harassment; noting the repeated submission of grievances or request to staff about an issue previously addressed by staff; and his continued procedural defects such as submitting additional pages after having been previously warned.  The letter noted that Offender Ezell was warned about being placed on restriction on July 1, 2019.  Offender Ezell was placed on restriction for one year, from August 7, 2019 through August 6, 2020 and was instructed that for that time period he must follow all the steps outlined in Section IX of OP-090124 prior to submitting a grievance.   The offenders mail log indicates that the grievance restriction letter was received by Mr. Ezell on August 14, 2019.

14.     **Grievance No. 2019-342**

The next grievance was Grievance No. 2019-342.  That Grievance was submitted on

September 17, 2019 and designated by the offender as "Emergency."  The grievance was related

to Offender Ezell's assertion that he was denied access to a Notary.  Under action you believe the

reviewing authority could take Offender Ezell states "Ms. Hoover job of Notary is only to verify

my signature it's not to deny notary."  That grievance was returned unanswered on October 7,

2019 noting: 1) that an answered Request to Staff must be attached; 2) On grievance restriction,

proper documentation not included; 3) that it had been determined that the grievance was not of

an emergency nature.  Offender Ezell was given 10 days to correct and resubmit.  Instead of

correcting the grievance, Offender Ezell submitted an appeal to the Administrative Review

Authority.  That appeal was returned unanswered noting that the inmate was on grievance

restriction and the proper documentation was not included; that he would be afforded one final

opportunity to properly resubmit a corrected affidavit and specifically that his affidavit was not

acceptable because he added content after it had been notarized.

In order to resubmit to ODOC Administrative Review, on October 17, 2019 Offender

Ezell submitted a Request to Staff to Ms. Hoover /UM Ade complaining about a denied Notary.

Under action requested Ezell stated do your job, provide Notary per OP-030115 Access to Court.

That Request to Staff was responded to on October 22, 2020 stating that if the proper procedures

were followed and docs are approved to be notarized, it will be done.  Grievance No. 2018-342

was re-submitted on November 14, 2019.  Under action you believe the reviewing authority

could take Offender Ezell states "Ms. Hoover need to be removed from Notary of Echo Max as

OP-030115 access to court directs offender to law library for Notary per 030115."  The re-

submitted grievance was returned unanswered on November 25, 2019 noting: 1) That the

Grievance form was not completed correctly; and 2) that Offender Ezell was on grievance restriction and had not included the proper documentation; 3) due to continued failure to properly submit the grievant was out of time.   Specifically, the return memo noted that the affidavit was invalid and the grievance form was out of date.

**15.      Grievance No. 2019-343**

The next grievance was Grievance No. 2019-343.  A Request to Staff dated August 04, 2019 was submitted to Warden Yates, complaining about being denied services outlined in OP-090124 and OP-030115 by his unit team as well as several other staff and that he had filed grievances, some granted / some denied and about no remedies being available.  That request was responded to on August 14, 2019 noting that it was unclear what relief he was requesting and that if he was requesting a copy of the policy he needed to complete a disbursement. Grievance 2019-343 was submitted on September 17, 2019 complaining that he was threatened with grievance restriction.  And complaining about denial of services.  Under action you believe the reviewing authority could take Offender Ezell states "Per OP-090124 DOC Policy the appropriate staff is supposed to respond to inmate requests/request to staff Reviewing authority cannot intentionally place offenders on Grievance Restriction because submitted IR, RTS, as policy suggests OP-090124."  That grievance was returned unanswered on October 07, 2019 noting: 1) Grievance not filed within specified time frame, noting the Grievance must be submitted within fifteen days.  Specifically, his answered RTS was received on August 21, 2019 and grievance was not received until September 17, 2019, more than 15 days and cannot be resubmitted.  2) The RTS submitted to CM Pfaff was not submitted until 6/28/19.  Out of time frame from date of incident, 12 days, cannot submit grievance;  3) Answered RTS form address to correct staff member must be attached; 4) RTS issue is not consistent with the requested relief

in the grievance; 5) The Grievance and RTS must be specific as to complaint, date, place personnel involved and how inmate was affected; 6) Only one issue /incident per grievance and RTS; 7) On Grievance Restriction, proper documentation was not included.

Offender Ezell appealed that decision to DOC's administrative review authority.  That appeal was returned unanswered on November 15, 2019 noting that the inmate was on grievance restriction and that the proper documentation was not attached.  Specifically, that his affidavit was not acceptable because of adding content after it had been notarized.  He was given an additional ten (10) days to correct the appeal and resubmit, however, Offender Ezell chose not to do so.

**16.    Grievance No. 2019-344**

The next grievance was Grievance No. 2019-344.   A Request to Staff dated July 23, 2019 was submitted to Officer Pierce complaining about being denied a chair while in the law library cage on Echo Charlie.  He requested that the officer clearly state why the chair was refused.  That request was responded to on August 6, 2019 noting that there will be a chair utilized for law library cages and if one is not in the cage, request one.   The Grievance was submitted on September 17, 2019 complaining that a chair should have been provided pm 7/18/19.   Under action you believe the reviewing authority could take Offender Ezell states "a chair should have been provided then at that moment instead of been denied by a number of staff in retaliation because there are chairs in the law library on the medium yard echo Max should be provided with the same opportunity as medium yard – same exact opportunity."
That grievance was returned unanswered on October 07, 2019 noting: 1) Grievance not filed within specified time frame, noting the Grievance must be submitted within fifteen days. Specifically, his answered RTS was received on August 15, 2019 and grievance was not received

until September 17, 2019, more than 15 days and cannot be resubmitted; and 2) The inmate was on Grievance Restriction and did not include the proper documentation. Offender Ezell appealed that decision to DOC's administrative review authority. That appeal was returned unanswered on November 15, 2019 noting that the inmate was on grievance restriction and that the proper documentation was not attached. Specifically, that his affidavit was not acceptable because of adding content after it had been notarized. He was given an additional ten (10) days to correct the appeal and resubmit, however Offender Ezell chose not to do so.

**17.    Grievance No. 2019-365**

Request to Staff dated September 13, 2019 to Mrs. Hoover complaining about being denied access to a Notary. He stated that her job was to verify his affidavit as a Notary, not to attempt to do the job of the ARA. That request was responded to by Unit Manager Ade on September 25, 2019 noting that when his paperwork was complete with no blanks he could send a request for a Notary.

A Grievance was submitted on October 08, 2019 complaining about being denied Notary services. Under action you believe the reviewing authority could take Offender Ezell states "The retaliation on prisoner for filing grievances on access to Court being 090124 & Op-030115; Notary because mistakenly or knowingly with intent to deny grievance process all retaliation is in violation of the federal constitution must stop! TS attached." That grievance was returned unanswered on October 25, 2019 noting: 1) Grievance not filed within specified time frame, noting the RTS must be submitted within seven days. Specifically, his RTS stated the incident date was August 27, 2019 and the RTS was not received until September 13, 2019, more than 7 days and cannot be resubmitted; and 2) The inmate was on Grievance Restriction and did not include the proper documentation. Specifically the affidavit was incomplete.

Offender Ezell appealed that decision to DOC's administrative review authority.  That appeal was returned unanswered on November 15, 2019 noting that the inmate was on grievance restriction and that the proper documentation was not attached.  Specifically, that his affidavit was not acceptable because of adding content after it had been notarized.  He was given an additional ten (10) days to correct the appeal and resubmit.  Offender Ezell chose not to do so however.

## 18.    Grievance No. 2019-401

Request to Staff dated September 13, 2019 to Sgt. Kay, investigating officer complaining about the threat of a misconduct.   He stated Stop retaliating on me behind the law library.  That request was responded to instructing offender Ezell to address his concerns to the Disciplinary Coordinator.

A Grievance was submitted on November 14, 2019 complaining about being called a bitch and complaining about a misconduct charge.   Under action you believe the reviewing authority could take Offender Ezell states "Disciplinary action against staff CO Kay or monetary compensation will not be addressed so just exhaust my grievance or deny it for affidavit reason just don't retaliate anymore."  That grievance was returned unanswered on November 25, 2019 noting: 1) The inmate was on Grievance Restriction and did not include the proper documentation.  Specifically, the affidavit was invalid; and 2) letting Offender Ezell know that he could resubmit within 10 days Offender Ezell chose not to do so however.

**Mr. Ezell's Access to the Grievance Process:**

Mr. Ezell asserted in his Amended Complaint that he was thwarted or otherwise hindered from exhausting administrative remedies by the Grievance Coordinator.

Terry Underwood is the Grievance Coordinator at Davis Correctional Facility.  Her affidavit is attached hereto at Exhibit 5.  She made a diligent search and review of the grievance records. As can be seen by the Court when examining Exhibit 2, there are numerous pages of grievance records from Mr. Ezell's period of incarceration at Davis Correctional Facility from April 2019 to November 2019.  Mr. Ezell clearly had access to the administrative remedies process.  However, it is clear from the records that he repeatedly chose not to comply with the policy requirements for a proper submission of a grievance.

In her affidavit attached hereto as Exhibit 5, Ms. Underwood states that Mr. Ezell repeatedly failed to follow the grievance process set out in Oklahoma DOC policy OP-090124 and the instructions that she provided to him.  Ms. Underwood has testified that when she returned a grievance submission to Plaintiff, she actually went to the maximum security housing unit, stood at Plaintiff's cell door, conversed with Plaintiff about the return, and provided him a return memorandum that set out the reasons for the return.  Ms. Underwood has been the Grievance Coordinator at the facility for more than eight years.  *See* Exhibit 5, affidavit of Terry Underwood.

Ms. Underwood also has stated that Plaintiff did exhaust several grievances during his time at DCF.  There is no evidence to support Plaintiff's claim that Ms. Underwood retaliated against him or encouraged any other staff member to do so.  *See* Exhibit 5, affidavit of Terry Underwood.  DOC OP-090124 states that if prison officials determine an inmate has abused the grievance process, his ability to submit a grievance may be restricted.   As is clearly set out in the administrative remedies policy, grievance restriction does <u>not</u> prevent an inmate from utilizing

the grievance process, it merely puts additional requirements on the inmate.  While on grievance restriction, an inmate must submit an affidavit that contains a complete, accurate, and legible list by grievance number, date, description, and disposition at each level of all the grievances he had previously submitted within the last 12 months. Each of the pages must be legible and signed, verified and notarized at the end of the text. If the submitting inmate does not comply with the requirements for submitting a grievance or appeal while on grievance restriction, the grievance or appeal will not be answered. If the submitting inmate does comply with the requirements, the grievance or appeal may proceed.  See Exhibit 8, OP 090124.

## **ACTION TAKEN OR RECOMMENDED**

No further action is recommended from Davis Correctional Facility.  It appears Mr. Ezell failed to exhaust administrative remedies as to his claims brought to this Court.

## **OTHER CASES PENDING**

No of which the undersigned is aware.

Respectfully submitted,

Johnanna Oglesby, CP
Special Report Coordinator for
DCF/CCA

STATE OF OKLAHOMA      )
                       )      DECLARATION
COUNTY OF MAYES        )


Before me, the undersigned authority, personally appeared the Affiant herein, who after being duly sworn on oath, deposed and stated as follows:

1.      My name is Johnanna Oglesby.  I am over the age of twenty-one years and am otherwise competent to testify in this matter.

2.      I am a Certified Paralegal.  I am the Special Report Coordinator for Corrections Corporation of America and Davis Correctional Facility.

3.      Pursuant to this Court's Order, and at the request of the Administration of Davis Correctional Facility, Holdenville, Oklahoma, I have prepared the foregoing special report in the case of Ezell v. Yates et. al., in the United States District Court for the Eastern District of Oklahoma, CIV-19-302-JFH-SPS.

4.      The information set forth therein is true, complete, and correct to the best of my knowledge, information and belief.

Further declarant sayeth naught.


JOHNANNA OGLESBY

**Certificate of Service**

☑ I hereby certify that on January 12, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Counsel of record

☑  I hereby certify that on January 12, 2021, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

**James Ezell, III, 237370**
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848

_____
DARRELL L. MOORE