IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III,

    **Plaintiff,**

vs.                                                    Case No. CIV-19-302-JFH-SPS

JAMES YATES, et al.,

    **Defendants.**

**DEFENDANTS' ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT.**

COME NOW Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates (hereinafter referred to as "CoreCivic Defendants") by and through their attorney of record, Darrell L. Moore, OBA #6332, submitting their Answer in opposition to Plaintiff's claims contained in his Amended Complaint.

Defendants' Answer is provided to the Court in the same numerical sequence and style as presented by the Plaintiff, as follows:

**(Amended Complaint Page 1 of 16)**

Plaintiff's page 1 contains only the Caption and the Court's initial instructions and does not contain any allegations made by Plaintiff regarding CoreCivic Defendants.

**(Amended Complaint Page 2 of 16)**

**I.  JURISDICTION**

CoreCivic Defendants admit jurisdiction is proper.  Defendants deny their actions in any way violated Plaintiff's constitutional rights.

## II. PLAINTIFF INFORMATION

CoreCivic Defendants admit Plaintiff is in the custody of the Oklahoma Department of Corrections and has been assigned by Oklahoma DOC OK DOC #237370. He is currently placed for confinement at Davis Correctional Facility, Holdenville, Hughes County, Oklahoma.

## III. PRISONER STATUS

CoreCivic Defendants admit Plaintiff is a convicted and sentenced state prisoner.

**(Amended Complaint Page 3 of 16)**

## IV. DEFENDANT(S) INFORMATION

1. CoreCivic Defendants admit Defendant Hininger is the CEO of CoreCivic, Inc.

2. CoreCivic Defendants admit that at all times relevant to Plaintiff's allegations, Defendant Yates was the Warden of Davis Correctional Facility, Holdenville, Oklahoma.

**(Amended Complaint Page 4 of 16)**

## IV. DEFENDANT(S) INFORMATION – Continued…

10. Admitted Defendant Scott Crow is employed by the Oklahoma Department of Corrections as Director. CoreCivic Defendants do not have further information related to this Defendant.

11. Admitted Defendant Knutson is employed by the Oklahoma Department of Corrections. Admitted Mr. Knutson is the Director's designee. CoreCivic Defendants do not have further information related to this Defendant.

12. Admitted Defendant Cincotta was employed by the Oklahoma Department of Corrections as General Counsel. CoreCivic Defendants do not have further information related to this Defendant.

13. Plaintiff asserts that Defendant Bryant is employed by the Oklahoma Department of Corrections. CoreCivic Defendants do not have any information related to this Defendant.

14. Plaintiff asserts that Defendant Hodgson is employed by the Oklahoma Department of Corrections. CoreCivic Defendants do not have any information related to this Defendant.

15. Plaintiff asserts that Defendant Parks is employed by the Oklahoma Department of Corrections. CoreCivic Defendants do not have any information related to this Defendant.

16. Plaintiff asserts that Defendant Walker is employed by the Oklahoma Department of Corrections. CoreCivic Defendants do not have any information related to this Defendant.

17. Plaintiff asserts that Defendant Nall is employed by the Oklahoma Department of Corrections. CoreCivic Defendants do not have any information related to this Defendant.

Unless otherwise admitted, CoreCivic Defendants deny any claims Plaintiff may assert are raised in his attached exhibits referenced on Page 4 of his Amended complaint.

**(Amended Complaint Page 5 of 16)**

**IV. DEFENDANT(S) INFORMATION – Continued…**

3. Admitted that at times relevant to Plaintiff's allegations Defendant Gentry was an Assistant Warden at Davis Correctional Facility.

4. Admitted that at times relevant to Plaintiff's allegations Defendant Perez was an Assistant Warden at Davis Correctional Facility.

5. Admitted that at times relevant to Plaintiff's allegations Defendant Underwood was the Grievance Coordinator at Davis Correctional Facility.

**(Amended Complaint Page 6 of 16)**

Plaintiff lists the following new Defendants, but makes no allegations or claims against them: Ms. Pierce C/O, Mr. Vance C/O, Mr. Bullock, Mr. Adkins C/O, Mr. Smith C/O, Mr. Keys, Sgt C/O.

IV. DEFENDANT(S) INFORMATION – Continued…

6. Admitted that at times relevant to the Plaintiff's allegations, Defendant Patterson was the Law Library Supervisor at Davis Correctional Facility. Defendants deny that Defendant Patterson was only the Law Library Supervisor over the medium security prison yard.

7. Admitted that at times relevant to the Plaintiff's allegations, Defendant Ade was an inmate housing Unit Manager at Davis Correctional Facility.

8. Admitted that at times relevant to the Plaintiff's allegations, Defendant Pfaff was a Case Manager at Davis Correctional Facility.

9. Admitted that at times relevant to the Plaintiff's allegations, Defendant Hoover was a Unit Clerk at Davis Correctional Facility.

**(Amended Complaint Page 7 of 16)**

IV. DEFENDANT(S) INFORMATION – Continued…

18.     Admitted that at times relevant to the Plaintiff's allegations, Defendant Pierce was employed at Davis Correctional Facility.

19.     Admitted that at times relevant to the Plaintiff's allegations, Defendant Vance was employed at Davis Correctional Facility. However, Plaintiff failed to properly serve Defendant Vance and the Court dismissed Defendant Vance from this action on September 29, 2019.

20.     Admitted that at times relevant to the Plaintiff's allegations, Defendant Bullock was employed at Davis Correctional Facility.

21.     Admitted that at times relevant to the Plaintiff's allegations, Defendant Keys was employed at Davis Correctional Facility.

22.     Admitted that at times relevant to the Plaintiff's allegations, Defendant Adkins was employed at Davis Correctional Facility in Holdenville, Oklahoma. However, Plaintiff failed to properly serve Defendant Adkins and the Court dismissed Defendant Adkins from this action on September 29, 2019.

Unless otherwise admitted, CoreCivic Defendants deny any claims Plaintiff may assert are raised in his attached exhibits referenced on Page 7 of his Amended complaint..

**(Amended Complaint Page 8 of 16)**

V. STATEMENT OF CLAIMS

**A. Claim 1 –** The allegations in Plaintiff's Claim 1 are directed solely at the Oklahoma Department of Corrections and employees thereof, including staff at James Crabtree Correctional Center.  CoreCivic Defendants do not have any information related to DOC Defendants or this claim and therefore Plaintiff's claims are denied.

**B. Claim 2** – CoreCivic Defendants deny that Plaintiff's First, Sixth and Fourteenth Amendment rights were violated at any time by these Defendants. CoreCivic Defendants specifically deny Plaintiff's allegations related to May 6, 2018, February 14, 2019 and/or March 9, 2019.

**FACTS:**   CoreCivic Defendants deny Plaintiff's allegations. Defendants deny that Defendants Hoover, Patterson, Ade and/or Pfaff denied Plaintiff access to Courts, or library services, or forms, or notary services or that they retaliated against Plaintiff in any way.

**(Amended Complaint Page 9 of 16)**

**V.  STATEMENT OF CLAIMS Continued.**

**A. Claim 1 – FACTS, continued:**  The allegations in Plaintiff's Claim 1 are directed solely at the Oklahoma Department of Corrections and employees thereof, including staff at James Crabtree Correctional Center. CoreCivic Defendants do not have any information related to DOC Defendants or this claim and therefore Plaintiff's claims are denied.

**B. Claim 2 – FACTS, continued:**  CoreCivic Defendants deny Plaintiff's allegations.  Specifically, Defendants deny that Defendants Hoover, Patterson, Ade and/or Pfaff denied plaintiff access to Courts, or library services, or forms, or notary services, or retaliated against the Plaintiff in any way.

**(Amended Complaint Page 10 of 16)**

**V.  STATEMENT OF CLAIMS Continued….**

**C. Claim 3** – CoreCivic Defendants deny that Plaintiff's First and Fourteenth Amendment rights were violated at any time, but specifically on April 3, 2019 or June 13, 2019.

**FACTS:** CoreCivic Defendants deny Plaintiff's allegations. Specifically, Defendants deny that Defendants Yates, Patterson, Ade and/or Pfaff violated Plaintiff's rights or retaliated against the Plaintiff in any way.

**D. Claim 4** – CoreCivic Defendants deny that Plaintiff's First, Sixth and Fourteenth Amendment rights were violated at any time but specifically on June 24, 2019, August 6, 2019, August 13, 2019, or August 15, 2019.

**FACTS:** CoreCivic Defendants deny Plaintiff's allegations. Specifically, Defendants deny that Defendants Underwood, Patterson, Hoover, Jones and/or Ryan denied Plaintiff access to Courts, or access to the grievance procedure, or access to trained librarians, or access to library services, or access to forms, or access to notary services or in any way retaliated against the Plaintiff.

**(Amended Complaint Page 11 of 16)**

**V. STATEMENT OF CLAIMS, Continued.**

**A. Claim 3 – FACTS, continued:** CoreCivic Defendants deny Plaintiff's allegations. Specifically, Defendants deny that Defendants Yates, Hoover, Patterson, Ade, Bowman, Adkins and/or Pfaff denied Plaintiff access to Courts, or to library services, or to forms, or to notary services or retaliated against the Plaintiff in any way.

**B. Claim 4 – FACTS, continued:** CoreCivic Defendants deny Plaintiff's allegations. Specifically, Defendants deny that Defendants Hoover, Patterson, Ade and/or

Pfaff denied Plaintiff access to Courts, library services, forms, notary services or retaliated against the Plaintiff in any way.

**(Amended Complaint Page 12 of 16)**

**V. STATEMENT OF CLAIMS Continued.**

**E. Claim 5** – CoreCivic Defendants deny Plaintiff's First, Sixth, Eighth and Fourteenth Amendment rights were violated at any time. Defendants specifically deny Plaintiff's allegations regarding June 26, 2019, September 12, 2019, October 14, 2019, or November 13, 2019.

**FACTS:** CoreCivic Defendants deny Plaintiff's allegations. Specifically, Defendants deny that Defendants Perez, Gentry, Dorman, Underwood, Patterson, Hoover, Jones and/or Ryan denied Plaintiff access to Courts, access to the grievance procedure, trained librarians, library services, forms, notary services or retaliated against the Plaintiff in any way.

**(Amended Complaint Page 13 of 16)**

**V. STATEMENT OF CLAIMS Continued.**

**E. Claim 5, continued** – CoreCivic Defendants deny that Plaintiff's First, Sixth, Eighth and Fourteenth Amendment rights were violated at any time but specifically on June 26, 2019, September 12, 2019, October 14, 2019, or November 13, 2019.

**FACTS:** CoreCivic Defendants deny Plaintiff's allegations. Specifically, Defendants deny that Defendants Yates, Perez, Gentry, Dorman, Underwood, Patterson, Hoover, Jones or Ryan denied plaintiff access to Courts, access to the grievance procedure, trained librarians, library services, forms, notary services or retaliated against the Plaintiff in any way.

**(Amended Complaint Page 14 of 16)**

**V.  STATEMENT OF CLAIMS, Continued.**

**E. Claim 5 – FACTS, continued:** CoreCivic Defendants deny Plaintiff's allegations.  Specifically, Defendants deny that Defendants Yates, Perez, Gentry, Dorman, Underwood, Patterson, Hoover, Jones and/or Pfaff denied plaintiff access to Courts, library services, forms, notary services or retaliated against the Plaintiff in any way.

**(Amended Complaint Page 15 of 16)**

**VI.  RELIEF REQUESTED**

CoreCivic Defendants deny that Plaintiff is entitled to relief of any kind, injunctive, compensatory, or otherwise.

**VII.  PRISONER'S LITIGATION HISTORY**

Plaintiff asserts that in addition to the current action, he has filed three (3) lawsuits in Federal Court while incarcerated. Pacer indicates the following suits, not counting appeals:

```
CIV-12-133-FHS-SPS  //  Ezell v. Wilkinson et al  //  Filed 03/26/12 //  closed 09/30/13
CIV-10-1382-R  //  Watson v. Ezell et al  //  filed 12/23/10  //  closed 04/06/11
CIV-11-390-C  //  Hall v. Ezell et al  //  filed 04/08/11  //  closed 03/05/12
CIV-11-1130-M  //  Black v. Ezell et al  //  filed 10/05/11  //  closed 03/16/12
CIV-20-226-G  //  Ezell v. Nall  //  filed: 03/11/2020  //  Date of last filing: 11/20/2020
```

**(Amended Complaint Page 16 of 16)**

Plaintiff's page 16 consists of a declaration and signature by Plaintiff and does not contain any allegations made by Plaintiff regarding CoreCivic Defendants.

**WHEREFORE,** premises considered, Plaintiff's allegations set forth in his Amended Complaint have either been denied or admitted.  Defendants specifically deny

Plaintiff's claims of constitutional violations brought forward to the District Court. Defendants deny Plaintiff is entitled to any relief from this Honorable Court.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

As separate affirmative defenses to the averments contained in the Plaintiff's Amended Complaint, CoreCivic Defendants state as follows:

1. As a separate and alternative affirmative defense, CoreCivic Defendants allege Plaintiff has not stated a basis for an award of compensatory, exemplary, or punitive damages.

2. As a separate and alternative affirmative defense, CoreCivic Defendants allege Plaintiff has failed to state a claim or claims upon which relief could be granted.

3. As a separate and alternative affirmative defense, CoreCivic Defendants allege Plaintiff failed to exhaust administrative remedies as to claims he has brought forward to the District Court as required by the Prison Litigation Reform Act and Oklahoma law. *See* 42 U.S.C. § 1997e(a) and 57 O.S. §§ 564, 566(A)(1), 566.3(G)(2), 566.5.

4. As a separate and alternative affirmative defense, CoreCivic Defendants allege that at all times material to the Complaint they acted in good faith and in a reasonable manner.

5. As a separate and alternative affirmative defense, CoreCivic Defendants allege that they were not on actual or constructive notice of a substantial or unreasonable risk of harm to Plaintiff and therefore did not breach a duty owed to Plaintiff nor did CoreCivic Defendants cause or contribute to any injury allegedly suffered by Plaintiff.

6.     CoreCivic Defendants state they intend to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, CoreCivic Defendants respectfully pray the Court enter its order of judgment in favor of Defendants and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of his petition herein; and, that the Defendants be awarded their attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates.

By: _/s/ Darrell L. Moore_
DARRELL L. MOORE, OBA 6332
P.O. Box 368
Pryor, OK 74362
(918) 825-0332
(918) 825-7730 fax
Attorney for CoreCivic Defendants

### *Certificate of Service*

☑ I hereby certify that on January 12, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

all counsel of record

☑ I hereby certify that on January 12, 2021, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

James Ezell, DOC# 23737
Davis Correctional Facility
6888 E. 133rd Rd
Holdenville, OK 74848

_____
DARRELL L. MOORE