In The United States District Court
The Eastern District of Oklahoma

James Ezell III
    Plaintiff

VS.

Damon Hininger et.al
    Defendants,

FILED
MAR - 8 2021
PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

Case No. 6:19-CV-00302 JFH-SPS

Plaintiff Files this Motion Pursuant to Federal R.

Comes now plaintiff pro se pursuant to Fed. R. Civ. P. Rule 9.2(c) respectfully submits the following amended pleading as advised upon denying [139], [Doc 144]

## STATEMENT OF THE CASE

Plaintiff has filed claims pursuant to 42 U.S.C §1983 alleging violation of his rights under the First Sixth Eighth and Fourteenth Amendment to the United States Constitution for occurrences taking place while in custody of Oklahoma Department of Correction housed at Davis Correctional Facility -DCF CoreCivic as it relates to Reviewing Authority and Administrative Reviewing Authority specifically defendants Warden Mark Gentry, Terry Underwood Grievance Coordinator and Mark Knutson (ARA)

Claim 1 Denied Access To Court By Denied Grievance Process

On August 7, 2020 plaintiff resubmitted grievance # 2020-1001-00223 within 10 day of August 3, 2020 receipt by Ms. Underwood that plaintiff grievance restriction affidavit was incorrect. However, plaintiff resubmittal was provided on August 7, 2020 which is a Friday plaintiff previous grievance restriction would expire August 8, 2020 and the 10th of August 2020 was on a Monday which mailroom picks up mail one day the very next day of business it is delivered therefore on August 10, 2020 all (5) grievances provided on August 7, 2020 would be considered timely the above listed grievance was due on August 12, 2020 as August 13, 2020 would be the 10th day.

Although plaintiff provide (5) grievances to mailroom supervisors Ms. West on August 7, 2020 for Grievance Coordinator defendant Terry Underwood facility mailbox August 10th 2020 none of the (5) grievances were lodge by Ms. Underwood however, on August 20, 2020 the very relevant grievance by # 2020-1001-00223 was returned to Fox Bravo #114 Ricky White a witness of grievance in his deliver "night mail, regular mail".

The plaintiff had expected malice intent of foul play by facility employees so August 7, 2020 the plaintiff placed the mailroom supervisors Ms. West on video footage at Fox Bravo Desk stapling (two) of the (5) grievances provided directly after walking away from plaintiff Fox Bravo cell 111 none of the (5) grievances were lodge until August 25, 2020 and the returned grievance on by # 2020-1001-00223 on August 26, 2020.

On September 15, 2020 the Mailroom Supervisor Ms. West submitted a grievance on herself provided by plaintiff as it relates to grievances provided to her on August 7, 2020 Chief of Unit Manager Dorman and Grievance Coordinator Terry Underwood addressed Ms. West for turning that grievance in directing Ms. West not to pick up plaintiff grievances, legal on September 21, 2020 as September 15, 2020 grievance was placed in Ms. Underwood mailbox on September 15, 2020 per

(inmate request).

On October 8, 2020 grievance coordinator returned grievance unlodge submitted September 15, 2020 with a deliberate attempt to cover up the truth together Terry Underwood and Warden Mark Gentry as Duplicate of 244 the plaintiff will shock the court as this grievance is directly related to (5) grievances that was provided on August. 7, 2020 for Ms Underwood mailbox on August 10, 2020, furthermore it has nothing to do with plaintiff grievance submitted on September 8, 2020 which was related to Ms. Underwood the grievance coordinator taking a Request to Staff that was actually attached to grievance # 2020-1001-00224-G that was (1) of the (5) grievance originally filed submitted on July 15, 2020 while plaintiff was on (grievance restriction) Ms. Underwood process this grievance partly against the grievance restriction policy requirement. If plaintiff was on grievance restriction July 15, 2020 and affidavit was incorrect Ms. Underwood could not unattach that request to staff from plaintiff filed grievance, the plaintiff point exactly the grievance submitted on September 15, 2020 should have been issued it own original grievance # instead Ms. Underwood attempt to cover this grievance up is a fraud with malice intent and knowledge.

The plaintiff appealed to Administrative Reviewing Authority Mark Knutson on October 16, 2020 the asigned grievance 2020-1001-002446 and None assigned grievance # as Ms. Underwood attached (two) grievances together with no "relation" to each other from that point on Ms Underwood, Warden Gentry and ARA Mark Knutson Conspired together to cover up September 15, 2020 grievance filed on (5) grievances submitted on August 7, 2020 through Mailroom Supervisor Ms. West that actually came up missing until August 20, 2020 and August 25, 2020, from Ms Underwood's mailbox.

As Warden Gentry placed plaintiff on grievance restriction again September 29, 2020 the day of Order Stay Requiring Special Report [Doc 127] 51 days after plaintiff had just got off grievance restriction by previous warden Yates August 7, 2019 both Warden's made it a point to ensure that plaintiff received by signature log by mailroom plaintiff's personal mail log on legal/privilege incoming return grievances from.

Claim 2.

Fox Unit has a Unit Notary and its Ms. Polkinhorn on October 9, 2020 and October 14, 2020 (inmate request) were submitted as plaintiff must time Notary and mailroom pick-up to attempt to meet 10 day time frames to Administrative Reviewing Authority Mark Knutson and Medical Service Manager Cheri Atkinson; on October 16, 2020 Ms. Polkinhorn reason for not providing plaintiff Notary timely was she thought plaintiff request was for the previous Notarizes Grievance Restriction Affidavit. The next time Ms. Polkinhorn December 8, 2020 and December 9, 2020 the plaintiff submitted Notary (inmate request) to meet the appeal process of 10 days and provide Notary per (grievance restriction) all plaintiff grievance restriction affidavit is prepared only requiring Ms. Polkinhorn Notary additionally plaintiff had the c/o working call for Unit Notary Polkinhorn c/o Depree, plaintiff was advised that chief of Unit Manager Dorman had pull Ms Polkinhorn from Fox Unit. The plaintiff finally received Notary after mailroom Ms. Kaneda had come to pick up outgoing legal/privelege mail per plaintiff (inmate request), Ms Cheri Atkinson extended grievance restriction and refused to respond to 2020-1001-00270-G and # 2020-1001-00261-G, Mark Knutson was advised of prison official at Davis prevent the grievance restriction Notary affidavit did not extend grievance restriction but however, denied grievance 2020-1001-00316, 2020-1001-00292, 2020-1001-00307 and 2020-1001-00318-G.

Claim 3

Law Library Supervisor Vance denied access to court per OP-030115 III.B.2 at [doc 141-4] on Jan. 21, 2021 plaintiff provided Order deadline in U.S. Western Dist. 5:20-226-G until Jan. 29, 2021 the day of the deadline plaintiff was denied access to prison legal Resource Center Computer System until Jan. 29, 2021 day of the deadline. The plaintiff also provided Order in 6:19-cv-00302-JFH-SPS [doc 145] deadlines per DOC policy OP-030115 III B. Facility Lock Down at 1. and 2. on these dates Jan 21, 2021 Ms. Vance showed up without clerk on Jan. 26, 2021 and on Jan. 29, 2021

Plaintiff was placed in Legal Research Computer Station on the last day of Deadline Jan. 29, 2021 from Fox Bravo Segregation cell 111. Since that day Law Library Supervisor has denied access to (Computer Station) after [doc 142] Defendant's Answer D.C.f and [doc 136] Defendants Answer even after [doc 14] setting Deadlines all within scope constitutional protected the Law Library Supervisor Vance and Warden Gentry / Deputy Warden Perez also chief of Dorman continue to deny plaintiff rights because he is in Segregation placement that occurred directly after plaintiff Emergency Grievance filed July 13, 2020, on July 15, 2020 a misconduct, plaintiff continued to be punished and Denied Access to Computer Law Library Supervisor asked the trained assigned legal assistance if plaintiff do not respond to [doc 145] deadlines will it effect the outcome of his cases?? The Law clerk said No today is Friday 26, Feb. 2021 still No Law Library Access to Computer. The Denial of this Access is hindering the plaintiff in everyway

I James Ezell III declare under penalty of perjury the above was mailed to court clerk in E.D. of Okla on 2 of Mar 2021 Motion pursuant to 28 U.S.C. § 1746

/s/ JEZ III

## Affidavit

State of Oklahoma )
County of Hughes )

### Sworn Affidavit of James Ezell III

I James Ezell being of lawful age duly Sworn according to law the following statements under oath to-wit:

1.) The affiant is housed at Davis Correctional facility private prison by contract of Department of Corrections on Fox Bravo cell #111 plaintiff in the present case 6:19-CV-00302-JFH-SPS

2. The affiant provided [doc 145] to law library Supervisor Vance and clerk on Jan. 21, 2021 the first time with a deadline in W.D of Okla in 5:20-CV-00226-G [doc 32] due date Jan. 29, 2021 on Jan. 29, 2021 the affiant was placed in law library Computer Station the day of deadline due date. Furthermore, since that date affiant has continued to ask Law Library Supervisor Vance to follow OP-030115 III. B. 1, 2 at [doc 141-4] page 5. pursuant to Deadlines and she refuse to place plaintiff on Computer Access because plaintiff in Segregation.

3. The affiant has provide this Order on Jan. 21, 21, and Jan. 26, 21 addressed Vance again also on Jan. 29, 2021 law library clerk and on February 12, 2021 clerk again; On Feb. 23, 21 affiant provide [doc 145] again to Vance and law library clerk the deadline the law library Supervisor asked the clerk if affiant do not meet deadlines (1)(2) or (3) would it hurt affiant case and the clerk advised her No it would not, the affiant expressed that he needs to do research on how and what witness I would like to exchange and discovery issues, the affiant provided deadline pursuant to policy have been delay and denied

I _James Ezell III_ declare under penalty of perjury Sworn statement pursuant to 28 U.S.C. § 1946. _J.E.III_

Subscribed and Sworn to this Day of FEB 24 2021
Notary Public /S/ _Eugenia R. Polkinghorn_
#18012228                EXP. 12/10/2022

State of Oklahoma
County of Huges;
Being first sworn under oath
state the he signed the below
statements, and the statements
are correct to the best of his
knowledge and belief.    Affidavit    2/24/21

1. Inmates here at OCF Holdenville when we have legal deadlines civil or criminal once we show the deadline to law library and law library verify the deadline. we have to write another request to the warden to approve time in the cage to have access to the law library computer. This for inmates in shu segregation. not DOC policy.
2. The law library staff is a guard, and not a civilan staff member like in O.D.O.C
3. The request to staff is always forwarded back to the law library to approve the OuLaw library time in the cage. warden never signs off.
4. The law library is not being ran up to supreme court standards.
5. They inmates working the law library seem to be under control of the type of legal things the assist inmates with saying only criminal and not civil. signature: [signature]  Date: 2/24/21

subscribed and sworn to me this 24th day of FEB 2021
notary public #18012228 my commission expires 12/10/2022
signature: Eugenia R. Polkinghorn

[Notary seal: EUGENIA R. POLKINGHORN, NOTARY #18012228, EXP. 12/10/22, STATE OF OKLAHOMA, PUBLIC]