IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES EZELL, III,** | |
| **Plaintiff,** | |
| v. | Case No. 19-CV-302-JFH-JAR |
| **DAMON HININGER, et al.,** | |
| **Defendants.** | |

### OPINION AND ORDER

Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Davis Correctional Facility ("DCF"), a private prison located in Holdenville, Oklahoma. He brings this action against officials of DOC, DCF, and CoreCivic,[1] under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at DCF and James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma. The defendants are Damon Hininger, CoreCivic CEO, and the following DCF officials: Warden James Yates; Deputy Warden Gentry; Deputy Warden Perez; Grievance Coordinator Terry Underwood; Law Library Supervisor Jessica Patterson; Unit Manager Tiffany Ade; Unit Manager S. Pfaff; and Unit Clerk Carla Hoover. The DOC defendants are Director Scott Crow; Director's Designee Mark Knutson; General Counsel David Cincotta; and the following JCCC officials: Warden Jason Bryant; Captain R. Hodgson; Lt. Austin Parks; Sgt. Walker; Captain James Nall; and Correctional Officers Ms. Pierce, Mr. Bullock, Mr. Keys, and Andrew Smith.

---

[1] CoreCivic owns and operates DCF. *See* Dkt. No. 136 at 1.

1

The Court has before it for consideration Plaintiff's amended complaint [Dkt. No. 56]; a motion to dismiss or for summary judgment by DOC Defendants Crow, Knutson, Cincotta, Bryant, Hodgson, Parks, Walker, and Nall [Dkt. No. 136]; Plaintiff's response to the motion [Dkt. No. 184]; and a special report, prepared by the DOC at the direction of the Court [Dkt. No. 135], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

## STANDARDS

### I. Motion to Dismiss

In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

2

whether he makes out a claim on which relief can be granted." *Id*.

## II. Motion for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id*. In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## BACKGROUND

Plaintiff alleges in Claim 1 of the amended complaint that on May 3, 2018, while he was in his cell at JCCC, Defendant Hodgson directed Defendant Parks to grab Plaintiff's arm through the food slot. Parks allegedly bent Plaintiff's right arm/wrist, then cuffed it to the door handle outside Plaintiff's cell, with his body inside the cell. Plaintiff claims that while he was cuffed to the door handle, Defendant Hodgson pulled at Plaintiff's shirt and told him to get naked. Plaintiff, however, refused to come out of his cell without a video camera present. Plaintiff then was sprayed with OC spray. Dkt. No. 56 at 8-9.

Defendant Nall arrived and placed Plaintiff in a hot shower, allegedly to activate the pepper spray. Plaintiff claims Nall then wrote an offense report and forged Plaintiff's name, resulting in Plaintiff's transfer from medium security to supermax. Plaintiff notes that Defendant Warden Bryant also was somehow involved in the incident. Plaintiff contends he is entitled to relief because his due process rights were violated, unnecessary force was used, and a video camera would have prevented the action taken against him. *Id*. He further asserts his rights under the First, Eighth, and Fourteenth Amendments were violated when he was transferred from JCCC to DCF. Dkt. No. 56 at 8-9.

The special report indicates that on February 28, 2018, a Facility Assignment Form was created, recommending that Plaintiff be transferred from to JCCC to another medium security facility. Dkt. No. 135-4. This request resulted from Plaintiff's history of cell phone possession and refusing orders. *Id.*

On May 3, 2021, Plaintiff was issued two misconducts. One was for Disobedience to Orders when he stuck his arm through the cell food port and refused to remove it, and the second was for Assaulting an Officer when Plaintiff used a cup to throw urine and feces at an officer who was attempting to handcuff him. Dkt. Nos. 135-5, 135-6, 135-8, 135-9. Plaintiff pled guilty to both charges [Dkt. Nos. 135-7, 135-10], but he now claims he did not plead guilty, and his signature was forged. Plaintiff submitted an appeal of his conviction of the two misconducts, however, the misconduct appeal process is waived by a plea of guilty. Dkt. No. 135-21.

## ANALYSIS

I. **Retaliation Claim**

The elements of a First Amendment retaliation claim are: "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff

4

to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007) (quoting *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). Plaintiff cannot show he was engaged in constitutionally protected activity by refusing the officers' orders to remove his arm from a food port in his cell door or by throwing human waste on an officer who was attempting to place him in handcuffs. Further, Plaintiff cannot show his being subjected to OC spray and ultimately being transferred to another prison were substantially motivated by his exercise of a constitutionally protected right, rather than a response to his refusal to follow orders.

He also has failed to establish how his transfer to a different facility was in retaliation for his exercise of his First Amendment rights or that his Fourteenth Amendment rights were violated. There are no state laws or prison regulations creating either a right or an expectation for a prisoner to remain in a particular prison or classification to which he has been assigned, and no due process hearing is required in conjunction with a transfer to a different facility. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976). Such transfers are within the discretion of the corrections officials. *Twyman v. Crisp*, 584 F.2d 352, 355-357 (10th Cir. 1978).

After careful consideration of the pleadings and other submitted materials in this case, the Court is of the view that there are no genuine issues of material fact concerning whether Plaintiff's First Amendment rights were violated. Simply listing a constitutional amendment as having been violated is nothing more than a label or conclusion that is specifically barred. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). Therefore, summary judgment must be **GRANTED** on this claim.

## II.  Access to Courts Claim

Plaintiff claims his First Amendment right of access to the courts was violated by Defendants Cincotta and Knutson as a result of difficulties he faced with the DCF law library staff [Dkt. No. 56 at 14].  Plaintiff, however, does not allege any facts against Defendants Cincotta or Knutson to support a claim they prevented him from using the grievance process or filing initial pleadings in court.

"Personal participation is an essential allegation in a § 1983 claim."  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted).  *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992).  Plaintiff must show that a defendant personally participated in the alleged civil rights violation.  *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Supervisory status is not sufficient to support liability under § 1983.  *Id*.  *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  *See also Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.").  Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).  After careful review, the Court concludes that there are no genuine issues of material fact concerning whether Plaintiff's right of access to the Courts was violated by the DOC defendants.  Accordingly, the DOC defendants' motion to dismiss for failure to state a claim is **GRANTED** on Plaintiff's claim regarding access to the courts.

## III.  Sixth Amendment Claim

Plaintiff alleges unspecified defendants violated his rights under the Sixth Amendment [Dkt. No. 56 at 8, 10, 12].  The U.S. Const. amend VI provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his deference.

The Court finds that the Sixth Amendment does not apply to any of the facts alleged by Plaintiff in his amended complaint. To the extent he claims he is entitled to rights under the Sixth Amendment for his prison misconducts, the claim is meritless. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Plaintiff indicates in his response to the motion to dismiss that he has challenged his misconduct conviction for throwing bodily fluids in a habeas corpus petition pursuant to 28 U.S.C. § 2241 in *Ezelle v. Nall*, No. CIV-20-226-G (W.D. Okla. Mar. 11, 2020) *See* Dkt. No. 184-3 at 5-17. According to the PACER federal courts records[2] available on the internet, Plaintiff's habeas action still is pending.[3] Plaintiff also asserts in his response that he was criminally prosecuted for placing bodily fluids on a government employee in Alfalfa County District Court Case No. CF-2018-34. Dkt. No. 184-2. According to the Oklahoma State Courts Network at

---

[2] The Court takes judicial notice of the PACER records.

[3] To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional misconduct convictions, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule of law applies not only when the prisoner challenges his judgment as a substantive matter but also when he challenges misconducts entered as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 658.

https://www.oscn.net/, the criminal case against Plaintiff was dismissed on April 26, 2019.[4]

After careful review, the Court finds Plaintiff has failed to state a Sixth Amendment claim upon which relief can be granted. Accordingly, the DOC defendants' motion to dismiss this claim is **GRANTED**.

### IV. Eighth Amendment Claim

Plaintiff asserts that Defendants Hodgson, Parks, Bryant, and Nall used excessive force when they cuffed him and deployed OC spray into his cell on May 3, 2018 [Dkt. No. 56 at 8-9].

> [A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind. *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999)). An official has a culpable state of mind if he uses force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. at 320-21 (1986).

*Redmond v. Crowther*, 882 F.3d 927, 936-37 (10th Cir. 2018)

Plaintiff has not satisfied either prong. The special report indicates that the use of OC spray is in the lowest tier of force [Dkt. No. 135-15 at 4]. Its use is authorized when "[a]n inmate/offender refuses a direct order from staff, when failing to comply with the direct order endangers the safety of themselves or others, or when the situation is likely to escalate to a more serious situation." *Id*. at 7.

As discussed above, Plaintiff threw his human waste onto Defendant Parks instead of simply removing his arms from the food port in his cell to allow officers to close and secure the

---

[4] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

port. Dkt. Nos. 135-8, 135-9, 135-18. Such behavior clearly was an escalation of the situation, and non-lethal force was necessary to gain Plaintiff's compliance. Furthermore, Plaintiff has not established that Defendants Hodgson, Parks, Bryant, or Nall possessed a sufficiently culpable state of mind to cause excessive force. They used only the force necessary to gain Plaintiff's compliance, then immediately made attempts to decontaminate him when compliance was achieved, even if those efforts were thwarted by Plaintiff's refusal to decontaminate. Dkt. Nos. 135, 135-7. In addition, the defendants complied with policy by having Plaintiff examined by medical staff after he eventually complied with orders to decontaminate. Dkt. No. 135-18 at 9. After careful review, the Court finds the defendants' acts do not show they possessed a culpable state of mind, and there are no genuine issues of material fact concerning whether Plaintiff was subjected to excessive force. Therefore, summary judgment must be **GRANTED** on this claim.

V.   **Fourteenth Amendment Claim**

Finally, Plaintiff alleges all the defendants violated his rights under the Fourteenth Amendment [Dkt. No. 56 at 8], although he fails to articulate how his rights were violated or whether his claim lies in the Due Process Clause or the Equal Protection Clause. Because Plaintiff has not satisfied the pleading standards of *Twombly*, *Iqbal*, and their progeny, the Court finds the DOC defendants' motion to dismiss this claim must be **GRANTED** for Plaintiff's failure to state a claim upon which relief can be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT**

- The DOC defendants are **GRANTED** summary judgment on Plaintiff's retaliation claim.
- The DOC defendants' motion to dismiss for failure to state a claim regarding access to the courts is **GRANTED**.

- The DOC defendants' motion to dismiss Plaintiff's Sixth Amendment claim is **GRANTED**.

- The DOC defendants are **GRANTED** summary judgment on Plaintiff's claim regarding excessive force.

- The DOC defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim is **GRANTED**.

Dated this 11th day of April 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE