IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III,

                Plaintiff,

v.                                                Case No. 19-CV-302-JFH-JAR

DAMON HININGER, et al.,

                Defendants.

## OPINION AND ORDER

On January 25, 2023, this Court granted a motion for summary judgment by the defendants in this civil rights action who are officials of Davis Correctional Facility ("DCF") in Holdenville, Oklahoma. Dkt. No. 204; Dkt. No. 226. Plaintiff James Ezell, III ("Ezell") had raised claims in his amended complaint concerning his alleged restriction or denial of access to the courts, being threatened with misconducts, threats to prevent him from filing grievances, other alleged retaliation by the law library staff, denial of a computer, failure to receive food while in a cage, incorrect forms in the law library, destruction of grievance paperwork, lack of notary services, receiving misconducts related to his litigation, and inadequate law library facilities and services. Dkt. Nos. 56; 226 at 2-6. After thorough review of the record, on January 25, 2023, the Court denied Ezell's request for a preliminary injunction to prevent the alleged continued denial of access to the courts, and the DCF Defendants' motion for summary judgment was granted. *Id*. at 25-26. Judgment was entered on the same date. Dkt. No. 227.

On February 6, 2023, Ezell filed a notice of appeal to the Tenth Circuit Court of Appeals [Dkt. No. 228], and on February 9, 2023, he filed a motion for reconsideration of the Court's grant of summary judgment to the DCF Defendants [Dkt. No. 232].  He asserts he wants the Court's Opinion and Order reconsidered pursuant to "any (and) all Fed. R. of Civil P." *Id.* at 232.

Ezell's motion to reconsider, however, does not concern the issues or the decision in the summary judgment Opinion and Order.  Instead, he is complaining that in March 2022, he mailed Attorney Michael Arnett $1,600 to represent him in this action.  Mr. Arnett, however, did not enter an appearance in this case before he died.

Ezell asserts he contacted the Oklahoma Bar Association Office of the General Counsel with his documentation.  He claims his file in this case was at either the Arnett Law Firm or the General Counsel's Office.  Ezell contends this situation implicates his Sixth Amendment rights. He does not set forth what he actually wants this Court to reconsider.

The Sixth Amendment of the U.S. Constitution sets forth rights related to criminal prosecutions.  There is, however, no  right to counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  Ezell repeatedly requested the appointment of counsel in this matter [Dkt. No. 31; Dkt. No. 77; Dkt. No. 104; Dkt. No. 121; Dkt. No. 148; Dkt. No. 180], but the Court turned down all six requests.  Dkt. No. 32 at 3-4; 8 Dkt. No. 4; Dkt. No. 168; Dkt. No. 181.  In his sixth motion for appointment of counsel, Ezell stated that he wrote Attorney Arnett after Ezell was transferred to another facility, however, no response from Arnett was received.  Dkt. No. 180 at 2.

"The federal rules do not recognize a motion to reconsider.  A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b)." *Carr v.  Ferkam*, 667 F. App'x 293, 293 n.2 (10th Cir. 2016) (citation omitted).  A motion to reconsider is construed as a

Rule 59(e) motion, when it is filed within 28 days after entry of judgment. As discussed below, however, Ezell's motion is not a proper Rule 59(e) motion.

A motion pursuant to 59(e), "involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

Here, the Court finds Ezell's motion to reconsider does not include the issues raised in his amended complaint or the January 25, 2023, Opinion and Order. This lawsuit concerned his access and the services and supplies in the prison law library, retaliation by law library staff, denial of food, misconducts, alleged retaliation, and misconducts. His problems related to Mr. Arnett's legal services were not raised as a civil rights claim. Therefore, this issue cannot be raised in a motion for reconsideration.

IT IS THEREFORE ORDERED that Ezell's motion for reconsideration [Dkt. No. 232] is DENIED.

Dated this 4th day of April 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

3